## THE STATE v. DENNISON, *Appellant*.

### DIVISION TWO.

108 541
115 451

1. **Felonious Assault:** SELF-DEFENSE. Where, on the trial of an indictment for feloniously shooting a railroad conductor, the jury was instructed that if the conductor undertook to put the defendant off the train while in motion, and he had reasonable cause to apprehend great personal injury to himself from said conductor in so attempting to put him off, and, to avert such apprehended injury, he fired 'the shot; then the jury should acquit him, *held*, that the issue of self-defense was as fairly presented to the jury as the defendant could reasonably ask.

2. **Criminal Practice:** ASSESSMENT OF PUNISHMENT BY COURT. Under Revised Statutes, 1889, section 4230, it is the duty of the court to assess and declare the punishment in a criminal case where the jury find a verdict of guilty, but fail to agree on the punishment.

*Appeal from Iron Circuit Court.*—HON. JAMES F. GREEN, Judge.

AFFIRMED.

*J. B. Walker* for appellant.

*John M. Wood*, Attorney General, for the State.

(1) The court was authorized under Revised Statutes, 1889, section 4230, to fix the punishment. (2) The fifth instruction, relating to the question of self-defense, was most favorable to the defendant. In support of this instruction, see *State v. Musick*, 101 Mo. 260; *State v. Hardy*, 95 Mo. 455; *State v. Culler*, 82 Mo. 632; *State v. Hicks*, 92 Mo. 43.

THOMAS, J.—The defendant was sentenced by the circuit court of Iron county in January, 1891, to imprisonment in the penitentiary for a term of two years, and the case is now before this court on defendant's appeal.

The defendant was indicted for a felonious assault, under section 3489, Revised Statutes, 1889. Wm. Bohmie was, on the fifth day of May, 1890, conductor of a freight train on the St. Louis, Iron Mountain & Southern railway. The evidence on the part of the state tended to show that passengers were not permitted to ride on this train, and for that reason defendant was ordered to get off at several stations, which he refused to do. The train finally reached Sabula, in Iron ·county, and pulled onto a sidetrack, and, while it was standing on the sidetrack there, Conductor Bohmie ordered defendant to get off and take a passenger train that would be along in a short time, which he refused to do. The train was started on its journey north, and, while moving very slowly, the conductor again ordered defendant to get off, which he again refused to do, and pulled a pistol and fired, the ball taking effect in Bohmie's side, inflicting a very serious wound. The conductor, when the pistol was drawn, struck defendant with his lantern, the shot and blow being almost simultaneous. The conductor then threw defendant off the car, after which defendant fired at least two more shots at him.

The evidence on the part of the defendant tended to show that the conductor, with the assistance of two brakemen, after informing him that he could not ride on that train, undertook to put him off while the train was in rapid motion; that the conductor struck him with a lantern, and knocked him down between two cars; he got back on another car when he pulled his pistol and shot back over his shoulder, Bohmie then having hold of him, and immediately the latter threw him off the train, which caused an injury to his back, which, it seems, was not very serious, however. He walked to a station and boarded a passenger train on which he was arrested for his crime.

I. The court authorized the jury, by its instructions, to convict defendant of a felonious assault, under

section 3489, *supra*, or of a felonious wounding under section 3491, or to acquit him on the ground of self-defense. The court told the jury that, if the conductor undertook to put the defendant off the train while in motion, and defendant had reasonable cause to apprehend great personal injury to himself from said conductor in thus attempting to put him off, and, to avert such apprehended injury, he fired the shot, then they would acquit him. This presented to the jury the issue of self-defense as fairly as defendant could reasonably ask. The jury evidently did not give credence to his version of the difficulty.

II. The jury returned this verdict: "We, the jurors, find the defendant guilty as charged in the indictment. Ten are in favor of a two years' penitentiary sentence, and two are in favor of $100 fine." This was received over the objection of the defendant, and thereupon the court discharged the jury, and fixed the punishment of defendant at imprisonment in the penitentiary for a period of two years.

The jury having found a verdict of guilty, and having failed to agree on the punishment to be inflicted on defendant, the court was expressly authorized to pursue the course it did, by section 4230, Revised Statutes, 1889, which provides that: "Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, or assess a punishment not authorized by law, and in all cases of judgment by confession, the court shall assess and declare the punishment, and render judgment accordingly," and, therefore, no error in this respect was committed.

It seems defendant had a fair trial, both as to the issues of law and fact, the evidence justified the verdict, and the judgment will be affirmed. All concur.