THE STATE v. FOSTER, *Appellant.*

Division Two, May 2, 1893.

1. **Criminal Practice**: MURDER: ASSESSMENT OF PUNISHMENT. Where on a trial for murder the jury return a verdict of guilty of murder in the second degree but assess no punishment, it is for the court to assess the same. (Revised Statutes, 1889, sec. 4236.)

2. ———: EXCEPTIONS. Exceptions perform the same office in criminal as in civil cases and are as necessary in the one as in the other.

3. ———: MOTION FOR NEW TRIAL. Allegations of fact contained in a motion for a new trial do not prove themselves.

*Appeal from Oregon Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*Miley, Harris, Hoover & Tribble* for appellant.

*R. F. Walker,* Attorney General, for the state.

(1) The court was authorized to assess the punishment where the jury found the defendant guilty but failed to agree as to his punishment. Revised Statutes, 1889, sec. 4230; *State v. Robb,* 90 Mo. 30; *State v. Dennison,* 108 Mo. 541. (2) The instructions in this case fairly present the law and have each been often approved by this court. *State v. Thomas,* 78 Mo. 337; *State v. McDaniel,* 94 Mo. 301. Defendant's criticism of the instructions is too late when made for the first time in his motion for new trial. To be heard here he should have excepted at the time the trial court ruled upon them. *State v. Rambo,* 95 Mo. 462; *State v.*

*DeMosse,* 98 Mo. 340; *State v. Elvins,* 101 Mo. 243. (3) Defendant having made and saved no exceptions at the time to the failure of service of jury list upon him forty-eight hours before proceeding to trial, waived his right thereto and cannot be heard first to complain in his motion in arrest. *State v. Jones,* 61 Mo. 232; *State v. Greene,* 66 Mo. 644; *State v. Musick,* 101 Mo. 260; *State v. Elvins,* 101 Mo. 243.

SHERWOOD, J.—Murder in the first degree was charged in the indictment, and the defendant tried on that charge was found guilty of murder in the second degree, and the jury failing to assess the punishment, the court fixed it at ten years in the penitentiary.

There are neither assignments of error nor brief of counsel filed on behalf of defendant, so we have carefully read the record.

For the purposes of this investigation an outline of the testimony will suffice. Near the town of Thayer, and in the public road the defendant shot and killed Jasper Reed. The shooting occurred on Monday morning, December 14, 1891, and was done with a shot gun, loaded with shot ranging from squirrel shot up to turkey and buck shot, and resulted in instant death. The body of the victim was filled with shot from chin to waist-band, and when shot he evidently had his left side turned towards his slayer. Maloney, a brother-in-law of defendant, and Thomas, the only other parties present at the homicide, were jointly indicted with him as accessories. Thomas fled the country. Threats of deceased against defendant and of the latter against the former were established, and on Saturday night about nine o'clock, and next before the Monday morning, defendant was seen near the scene of the homicide looking for Reed; and again on the next day, Sunday,

in the morning about sun-up, defendant, armed with a shotgun, was at the house of Wesley Jackson hunting for Reed, and while there made an effort to borrow a revolver owned by Rufus Jackson; and next day, after the shooting took place, prevailed on Rufus Jackson to go to Clint Robbinson and stop him from telling all he knew about defendant trying to borrow the revolver.

It was also in evidence that when attempting to borrow the revolver, which it seems had been exchanged for a watch, defendant told Wesley Jackson that he wanted to get Rufus's pistol; that Reed had drugged Maloney's wife and ruined her; but upon the witness stand defendant admitted that his story about Maloney's wife, who was his sister, was false.

Maloney's testimony, as well as that of the defendant, was that the reason defendant shot Reed was because the latter threw rocks at him, and that he shot in self-defense, and that Reed was only some ten or fifteen feet distant when shot; although the manner in which the shot scattered in the body would indicate that he was much further distant. The evidence showed that the ground was soft at the scene of the homicide, as it had been raining, and that a party picking up rocks and throwing them, as it is said deceased had done, would necessarily soil the hands of the thrower, yet the hands of the deceased were found to be *smooth* and *unsoiled*. The deceased was small in stature, and no weapon was found on his person, not even a pocket-knife. He weighed only about one hundred and thirty pounds; defendant about one hundred and eighty.

As no assignment of errors has been filed we look to the motion for a new trial in order to discover the theory on which this appeal is grounded.

I. Among the causes thus alleged in that motion is one claiming that to the jury alone belonged the fixing of the penalty for the crime of which defendant was

found guilty. This contention is without foundation. The jury by their verdict having found the defendant guilty of murder in the second degree, and having failed to assess the punishment, it belonged to the court to "assess and declare the punishment and render judgment accordingly." Revised Statutes, 1889, sec. 4230; *State v. Robb*, 90 Mo. 30; *State v. Dennison*, 108 Mo. 541.

II. Other grounds stated in the motion for a new trial are in regard to the improper remarks made in argument by the prosecuting attorney; the permission of the child, Amanda Ramsey, to testify; the criticism of the instructions given by the court; the failure to deliver a jury list to the defendant forty-eight hours before trial; the allowing the jury to remain in the courthouse during its deliberation, etc., etc., and may all be disposed of by saying that if errors were committed in any of these matters no exceptions were saved at the time, and consequently cannot be noticed though set forth at length and at large in the motion for a new trial. Exceptions perform the same office in civil as in criminal cases, and are just as necessary in the one case as in the other; without them, promptly taken and properly preserved in the motion for a new trial, nothing except matters of record can be reviewed. *State v. DeMosse*, 98 Mo. 340 and cases cited; *State v. Elvins*, 101 Mo. 243.

III. And the allegations made in the motion for new trial, as to errors having been committed, do not prove themselves. *State v. Jewell*, 90 Mo. 467; *State v. Musick*, 101 Mo. 260; *State v. Welsor*, 21 S. W. Rep. 443.

IV. As there are no errors in the record proper; none preserved by exceptions opportunely taken, and as there is ample evidence to sustain the verdict, we affirm the judgment. All concur.