## The State v. Bosler, *Appellant.*

|119 417|
|134 160|

### Division Two, January 31, 1894.

**Criminal Law:** PRACTICE: OBJECTIONS AND EXCEPTIONS. Errors in ruling on the evidence and the instructions, though mentioned in the motion for a new trial, will not be reviewed on appeal, unless objections and exceptions thereto were properly made and saved.

*Appeal from Jefferson Circuit Court.*—Hon. J. F. Green, Judge.

AFFIRMED.

*J. J. Williams, C. H. Kleinschmidt* and *J. L. Thomas & Brother* for appellant.

*R. F. Walker*, Attorney General, and *Morton Jourdan*, Assistant Attorney General, for the state.

(1) It is well settled in this state that in order to save and present to this court any alleged errors occurring during the trial it must be preserved by exception duly saved at the time. *State v. Foster*, 115 Mo. 448. It is too late to first raise it in the motion for new trial. (2) Again, the allegation in the motion for new trial is no evidence of the fact. Defendant will not be permitted to sit by and allow errors to be committed, take chances upon the verdict and when convicted be heard for the first time to complain in his motion for new trial. *State v. Wells*, 117 Mo. 570; *State v. Foster*, *supra*. (3) The indictment in this case, following the language of the statutes, clearly charges the offense of which the defendant was accused and stands convicted. Sec. 3526, R. S. 1889.

SHERWOOD, J.—Three years for burglary and two years for larceny were the respective terms awarded the defendant by the jury for the dual crime of breaking into the saloon of Campbell & Griffin in the little town of Festus, in Jefferson county, Missouri, and stealing from such saloon $24 in a shot sack, of that sort of metal and money which has recently created such a commotion in congressional circles. The evidence was very strong against defendant, consisting in his propinquity, both of time and place to the scene of the crime; inquiries made by him as to the whereabouts of the proprietors of the saloon just before the burglarious entry was effected; of confessions of guilt made by him to Campbell, one of the proprietors of the saloon, and to Gackenback, one of his colaborers in a cigar factory; also of a note executed by him for $24 which he executed to Campbell & Griffin to reimburse them for

the amount stolen, but which they refused to receive.

The defendant denied having perpetrated the crimes mentioned, and of having confessed his guilt as aforesaid; but his reputation for honesty was shown by one of his own witnesses to be bad, and on this point, all the witnesses for the state told the same story, and there was nothing to rebut this testimony.

The defendant is not represented in this court by counsel, and there are no assignments of error or briefs filed on his behalf, so we have carefully examined the record. The indictment is well enough; the instructions are such as are usually given; no exceptions were saved to them nor to the introduction or rejection of evidence, nor does it appear that any objections were made on these accounts, nor indeed upon any other. Of course when this is the case, the mention of such points in the motion for a new trial is wholly worthless and has no tendency whatever to establish the recitals contained in such motion. *State v. Foster*, 115 Mo. 448; 22 S. W. Rep. 468, and cases cited. Therefore judgment affirmed. All concur.