## THE STATE v. URSPRUCH, Appellant.

### Division Two, November 21, 1905.

1. **APPEAL: Criminal Case: Affidavit.** On the authority of State v. Smith, 190 Mo. 706, it is held that no affidavit is necessary for an appeal in a criminal case.

2. **APPELLATE PRACTICE: Sufficiency of Evidence.** Where there is any substantial evidence tending to show the defendant guilty of the crime charged against him, the sufficiency of the evidence to support the verdict will not be considered by the appellate court.

3. **ASSAULT WITH INTENT TO RAPE: Sufficiency of Evidence.** The evidence in this case, which was a prosecution for assault with intent to rape, is examined, and *held* sufficient to justify a verdict of guilty.

4. **PRACTICE: Failure to Instruct: No Exception.** Where defendant saves no exception to the failure of the trial court to instruct upon all the law of the case, and makes no complaint on this point in his motion for a new trial, he cannot raise the question for the first time in the appellate court.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

AFFIRMED.

*John A. Porter* for appellant.

The evidence is insufficient to sustain a conviction. To warrant a conviction for an assault to commit a rape the evidence must show that the defendant's intention was, if it became necessary, to force compliance with his desire at all events, and regardless of any resistance

the woman might make.  State v. Burgdorf, 63 Mo. 65; State v. Priestly, 74 Mo. 24; State v. Owsley, 102 Mo. 678; State v. Scholl, 130 Mo. 396.

*Herbert S. Hadley*, Attorney-General, and *N. T. Gentry*, Assistant Attorney-General, for the State.

The evidence is sufficient to warrant the conviction. State v. Wilcox, 111 Mo. 569; State v. Peebles, 178 Mo. 486; State v. DeWitt, 152 Mo. 76; State v. Williams, 149 Mo. 496; State v. Swisher, 186 Mo. 8; State v. Williams, 186 Mo. 128; State v. Hayden, 141 Mo. 311.

FOX, J.—This case is here by appeal on the part of the defendant from a judgment of conviction in the circuit court of the city of St. Louis upon an indictment charging the defendant with assault with intent to ravish Christina Hamel.  This indictment was returned by the grand jury of the city of St. Louis on May 12, 1904, and as the validity of it is not challenged, we deem it unnecessary to burden this opinion with a reproduction of it.  On June 22nd, following the return of the indictment, defendant entered his plea of not guilty and was placed upon trial.  The testimony on the part of the State is substantially as follows:

The prosecuting witness testified that she was, at the time of the alleged assault, sixteen years of age, and lived with her parents at 4450 Tholozan avenue, in the suburbs of St. Louis.  Having attended school with defendant and living a short distance from him, she knew him well, as she also knew all of his brothers and sisters.  On the morning of the assault, between nine and ten o'clock, she was going up to Joseph Musler's with her basket to get some vegetables.  As she walked along the Pernod road, she passed a little field in which defendant was cultivating some onions; she recognized him as soon as she saw him.  Defendant left the field and walked through the bushes up to the road where

prosecutrix was and made an indecent proposal to her, at which she turned and ran from him.   Defendant caught her by the shoulder, threw or jerked her down and got on top of her.   Prosecutrix resisted and made all the noise she could, until defendant caught hold of her throat.   Finally she got his hand from her throat and he put it over her mouth and prevented her from making any more noise.   She at last did get his hand off, and said, "Urspruch, you had better let me go." Defendant then got up, and as he walked off, he said, "My name is not Urspruch."   This occurred in the middle of the road near a little wooden bridge.   After being released, prosecutrix went on to Musler's garden, where she made complaint to Mrs. Musler.   This lady testified that she was crying and much distressed.   After returning to her home, prosecutrix made complaint to her mother, and she and her mother went over to defendant's home and reported to defendant's mother what he had done that morning.   Mrs. Urspruch went with them out to the field where defendant was at work, and asked him what he had done that morning, to which he replied, "What?"   Prosecutrix then said, "Yes, you know very well what you done."   Defendant replied, "You are damned liar."   Defendant stated to the police officer that arrested him that he went to the market that morning but returned by nine o'clock.

Defendant testified in his own behalf, and while admitting his acquaintance with the prosecuting witness, Christina Hamel, positively denied any assault upon her.   In fact, positively states that he did not see her on the morning she designated, nor was he about the place where she testified the assault occurred; in fact, his testimony contradicts all the material facts testified to by the prosecuting witness.   Three other witnesses were introduced by the defendant and they testified that they were in the neighborhood of the little bridge (that is, within ninety or one hundred yards of it), near which it is said by Christina Hamel this assault occur-

red on the morning it is said to have occurred, between
nine and ten o'clock, and that they heard no outcry and
did not see the defendant or Christina Hamel near this
bridge, or anyone else. There was other testimony on
the part of the defendant tending to show that he did
not return home until after ten o'clock the morning up-
on which it is said this offense was committed, and after
returning home he worked until twelve o'clock in an-
other field. There was evidence showing the good repu-
tation of the defendant. There was also evidence on the
part of the defendant tending to prove an alibi. The
State, in rebuttal of the testimony introduced by the
defendant, offered testimony tending to show the char-
acter of the surface of the country where this assault is
said to have taken place, and this testimony tended to
show there were weeds growing on both sides of the
road and weeds and shrubbery and little trees growing
around and about where it is charged that this assault
was made, and that the surface of the country is roll-
ing and hilly.

At the close of all the evidence the court instructed
the jury, and as the correctness of the instructions are
not challenged in the brief of counsel for appellant, oth-
er than that there was no evidence upon which to predi-
cate them, there is no necessity for a reproduction of
them. If the facts were sufficient upon which to base
the instructions, then it is only necessary to say that
the declarations of law were in due form and have re-
peatedly, in cases of this character, met the approval of
this court. Upon the submission of the cause to the
jury upon the evidence and instructions, they returned
a verdict finding the defendant guilty of the charge in
the indictment and assessing his punishment at impris-
onment in the city jail for six months and a fine of one
hundred dollars. After motions for new trial and in
arrest of judgment were timely filed and by the court
overruled, judgment was rendered upon the verdict as
returned and from this judgment the defendant prose-

·cutes this appeal, and the cause is now before us for consideration.

## OPINION.

The motion filed by respondent in this cause to dismiss the appeal for the reason that the record fails to disclose the filing of any affidavit after the rendition of judgment, will be denied, for the reasons fully expressed in State v. Graham Smith, 190 Mo. 706. It is also suggested that the record in this cause does not properly show the filing of the bill of exceptions within the proper time and in the manner provided by law. We will say as to this suggestion that while the disclosures of the record, in the respects to which our attention has been called by the Attorney-General, are not as clear and satisfactory as they should be, yet it is sufficiently certain that the bill of exceptions was filed within the proper time as to demand of us the disposition of this cause upon its merits from the entire record as presented.

Learned counsel for appellant, in his brief before us, presents but two questions for our consideration:

1.   That there was no evidence in this case upon which to predicate an instruction for assault with intent to ravish.

2.   It is insisted that if the defendant was guilty of any offense under the evidence, it was simply that of a common assault and that the court committed error in failing to instruct the jury upon that offense.

Upon the first proposition, the rule has been repeatedly announced by this court that if there is any substantial evidence tending to show the defendant guilty of the offense charged against him, the sufficiency of the evidence to support the verdict will not be considered by the appellate court. [State v. Graham Smith, 190 Mo. 706; State v. DeWitt, 152 Mo. 76; State v. Williams, 149 Mo. 496; State v. Swisher, 186 Mo. l. c. 8; State v. Williams, 186 Mo. 128.]

We have carefully read and considered in detail the testimony of all the witnesses as preserved in the record in this cause, and have reached the conclusion that there is substantial evidence tending to show the defendant's guilt and amply sufficient to support the verdict of the jury. We have detailed in the statement of this cause at least the substance of the testimony as introduced by the State, and have no hesitancy in saying that if this testimony is true and the jury believed it to be true, then this verdict has a substantial basis upon which to rest its correctness. The facts in this case are clearly distinguishable from those in State v. Scholl, 130 Mo. 396, upon which counsel for appellant chiefly rely for the reversal of this judgment. In that case the party upon whom the assault was charged to have been made, Mrs. Hupman, was a full-grown married woman, and at the time and place of the assault one of the outer doors to the room of the house in which it occurred was open, and a man was working within forty or forty-five yards of the place, but Mrs. Hupman did not call for him nor did she make any outcry or do anything which was calculated to frighten the party, who was charged with assaulting her, away. That is not this case. Here we have a young girl only sixteen years old; an indecent proposal made to her; an effort to escape and the defendant catching her, throwing her to the ground and getting on top of her, and during such time as she was not prevented, was screaming and making such outcry as would naturally be expected of an innocent girl under the surrounding circumstances. It is further disclosed that she called the defendant by his surname, evidently convincing him that she recognized him, and this, together with her outcry, was sufficient to frighten the defendant away before the purpose of his assault was accomplished. There is an entire absence of any testimony in this record impeaching the character of the prosecuting witness, either for truth and veracity or morality; no evidence of any improper motive that she

entertained against the defendant, which would tend
to explain in some degree the making of a false charge.
Her testimony is also corroborated by the subsequent
complaint to Mrs. Musler and her mother and father.
The jury and the court had the prosecuting witness be-
fore them, as well as all the other witnesses in the cause;
it was peculiarly the province of the jury to determine
the credibility of the witnesses and to give such weight
to their testimony as in their judgment it was entitled.
They returned a verdict of guilty and it was approved
by the trial court, and we are unwilling to retry this
cause upon the disclosures of the record.

This brings us to the consideration of the only re-
maining proposition presented by appellant, that is,
the insistence that the court failed and neglected to de-
clare the law covering the entire case. Our attention
in the brief is specially directed to the failure of the
court to instruct the jury upon the evidence of a com-
mon assault. The trial court should not be convicted of
this error unless its attention has been called to it and
at least afforded an opportunity, if it was error, to cor-
rect it. An examination of the record in this cause fails
to disclose the preservation of any exceptions at the
time the jury were instructed to the failure of the court
to give all proper and needful instructions covering the
entire law of the case. Again, it will be noted that no
complaint of the failure of the court to fully instruct
the jury is urged in the motion for new trial. It is
fundamental upon questions of practice that the appel-
late court will not review any complaint of error to
which the trial court's attention was not called in the
motion for a new trial. The contention of appellant
upon this proposition is best answered by the announce-
ment of the rule in State v. Cantlin, 118 Mo. l. c. 111,
where it is thus clearly stated: ''The instructions giv-
en by the court seem fairly to cover the issue joined be-
tween the State and the defendants, and if they did not,

there is no statement in the motion that the court *failed* to give all proper and needful instructions. So that, if the court did fail to instruct the jury upon all questions of law arising in the case which were necessary for the information of the jury in giving their verdict, exception should have been saved *at the time such failure occurred,* and the point should have been preserved in the motion for a new trial, and this for the reason that exceptions in criminal cases occupy the same footing as do those in civil matters, and can only be preserved by the same methods of procedure. [State v. DeMosse, 98 Mo. l. c. 344; State v. Foster, 115 Mo. 448.]''

There was substantial evidence both ways upon the issue joined in this cause between the State and defendant, and the court confined its instructions to the issue presented. If it was error upon the part of the court in failing to embrace other grades of crime in its instructions to the jury, the attention of the trial court was never called to it, and the complaint is now urged for the first time in this court. Under the repeated announcement of the rule by this court upon that subject, the error now complained of is not a subject of review.

We have thus indicated our views upon the legal propositions as disclosed by the record. The testimony was sufficient to support the verdict; the instructions of the court were such as have repeatedly met the approval of this court, and finding no reversible error, the judgment of the trial court should be affirmed, and it is so ordered.

All concur.