STATE OF MISSOURI, Respondent, v. JOHN REED, Appellant.

In the Springfield Court of Appeals, May 2, 1910.

APPELLATE PRACTICE: Criminal Law: Instructions: Bill of Exceptions. Matters that are required to be preserved by the bill of exceptions must be so preserved in criminal cases the same as in civil actions, and objections to the giving of instructions to be available on appeal must first be made when instructions are offered, and the court's attention called to the errors therein. The court's attention must be called to them again in a motion for a new trial, and following this they must be preserved by a bill of exceptions showing that objections were made and exceptions saved.

Appeal from Stone Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*G. W. Thornberry* and *Viles & Scott* for appellant.

*Wm. E. Renfrow* for respondent.

COX, J.—Defendant was charged with carrying concealed weapons, tried by jury, verdict of guilty returned, and a fine of fifty dollars assessed. From the judgment on this verdict he has appealed.

Counsel for defendant in his brief urges upon this court that the trial court committed error in the instructions given the jury. We are precluded from examining this question for the reason that the bill of exceptions does not show that any objection was made

to the instructions at the time they were given, and exceptions saved to the ruling of the court. Matters that are required to be preserved by the bill of exceptions must be so preserved in criminal cases the same as in civil actions, and objections of this character to be available on appeal must first be made when the instructions are offered, and the court's attention called to the errors therein. The court's attention must be called to them again in the motion for new trial, and following this they must be preserved by a bill of exceptions showing that objections were made and exceptions saved. This is but a reasonable rule, for it may be if error was committed in the instructions, that if the court's attention had been called to it at the time, the instructions would not have been given as they were, but correct instructions would have been given instead. [State v. DeMosse, 98 Mo. 340, 11 S. W. 731; State v. Foster, 115 Mo. 448, 22 S. W. 467, 1. c. 451; State v. Urspruch, 191 Mo. 43, 1. c. 49, 50, 90 S. W. 451; State v. Miles, 199 Mo. 530, 1. c. 559, 560, S. W. 98, 25; R. S. 1899, sec. 864.]

We have examined the record proper in this case and find that the information is sufficient. There was evidence sufficient to sustain the verdict, and the judgment will, therefore, be affirmed. All concur.