## STATE OF MISSOURI

### AT THE

## OCTOBER TERM, 1922.

*(Continued from Vol. 295.)*

## THE STATE v. JAMES E. COMER, Appellant.

### Division Two, December 9, 1922.

1. **CONTINUANCE: Indorsement of Witnesses.** An unverified and unproven application for a continuance stating that "defendant is surprised on account of the failure of the State to indorse upon the information the names of the witnesses," states no facts warranting a continuance, and is properly overruled.

2. **ASSAULT WITH INTENT TO RAPE: Sufficient Evidence.** It is the duty of a man, the head of a family, to protect his seventeen-year-old step-daughter, a member of his household, against assault; and if he attempts to have sexual intercourse with her without her consent and against her will, he is guilty of an attempt to rape; and her uncontradicted testimony, clear and unequivocal, that he did make such an attempt in the presence of her mother and ten-year-old sister, neither of whom was called as a witness, both of whom were competent to testify in his behalf, is sufficient to sustain a conviction, where her screams were heard by the neighbors, one of whom summoned the marshal who testified that when he reached the house he found her partly laid undressed and on the bed where she testified the assault occurred.

3. ———: Instruction: Any Forcible Act. An instruction telling the jury that if they find from the evidence that defendant made an assault upon prosecutrix, seventeen years of age, "with the intent to ravish and carnally know her forcibly and against her will, by using such force as would at all hazards overcome her resistance, and that in such attempt he took hold of her and did any act towards the commission of such offense, then you will find him guilty" of assault with intent to rape her, is correct and has often been approved.

4. ———: ———: Drunkenness As Excuse. The fact that defendant was drunk at the time is no excuse for his attempt to forcibly ravish his seventeen-year-old step-daughter, and the trial court committed no error in so instructing the jury, by an instruction in words often approved.

5. ———: ———: Common Assault. Where the evidence is uncontradicted that defendant's act was an attempt to have sexual intercourse with his step-daughter without her consent and against her will, it is not error to fail to give an instruction on common assault.

6. PRESENCE ON RETURN OF VERDICT: No Assignment. Where the record shows that defendant was present in court at the commencement of the trial, the presumption is, in the absence of anything in the record indicating the contrary, that he was present when the verdict of guilty was returned. Besides, if he makes no assignment in his motion for a new trial that he was not present when the verdict was received, the question of his absence is not properly for review on appeal.

Appeal from Chariton Circuit Court.—*Hon. Fred Lamb,* Judge.

AFFIRMED.

*Kesterson & Kesterson* for appellant.

(1) The court erred and manifestly abused its discretion in overruling and denying defendant's motion and application for continuance. (2) The verdict is against the law and the evidence and there is no evidence to substantially support the verdict. State v. Owsley, 102 Mo. 678; State v. Hahn, 189 Mo. 241; State v. Goodale, 210 Mo. 275; State v. Fleming, 177 S. W. 299.

(3) The court erred and manifestly abused its dis-
cretion in permitting the State's attorney to ask leading
questions of the prosecutrix over the objection of the
defendant. State v. Fannon, 57 S. W. 75; State v. Steel,
126 S. W. 406. (4) The court erred in refusing to
strike out incompetent, irrelevant, and prejudicial evi-
dence over the objection of the defendant. State v.
Foley, 46 S. W. 733. (5) The court erred in giving
State's Instruction 8, over the objection of the defend-
ant. United States v. Bowen, 4 Cranch, 604; Mooney
v. State, 33 Ala. 419; Roberts v. People, 19 Mich. 401;
Cross v. State, 55 Wis. 261; State v. Fiske, 63 Conn. 388;
Crosby v. People, 137 Ill. 325; Cline v. State, 43 Ohio
St. 332; State v. Garvey, 11 Minn., 154; Scott v. State, 12
Tex. App. 31; Commonwealth v. Hagenlock, 140 Mass.
125; State v. Donovan, 61 Iowa, 369. (6) The court erred
in failing and refusing to instruct the jury upon common
assault. State v. Matsinger, 180 S. W. 356; State v.
Hoag, 134 S. W. 508; State v. Lackey, 132 S. W. 602;
State v. Palmer, 88 Mo. 568. (7) The record does not
show that the defendant was present when the jury
returned its verdict. This constitutes error. State v.
Buckner, 25 Mo. 167; State v. Schoenwald, 31 Mo. 147;
State v. Braunschweig, 36 Mo. 397; State v. Able, 65
Mo. 37; State v. Beedle, 180 S. W. 888.

*Jesse W. Barrett*, Attorney-General, and *J. Henry
Caruthers*, Special Assistant Attorney-General, for re-
spondent.

(1) Assault with intent to rape is a felony. State
v. Melton, 117 Mo. 618. Assault is complete when at-
tempt is made with present means of carrying it into
effect. State v. Shroyer, 104 Mo. 446; State v. Dalton,
106 Mo. 469. (2) The evidence is amply sufficient to
sustain the conviction. State v. Edie, 147 Mo. 539; State
v. Prather, 136 Mo. 24; State v. Dalton, 106 Mo. 469;
State v. Shroyer, 104 Mo. 446; State v. Alcorn, 137 Mo.
123. (3) The allowance of leading questions is always

discretionary with the court and unless manifestly abused the judgment will not be disturbed on that ground. State v. Wertz, 191 Mo. 586; State v. Knost, 207 Mo. 23; State v. George, 214 Mo. 269. (4) The testimony referred to by appellant and of which he complains that the court erred in refusing to strike out was brought out himself while cross-examining prosecutrix and he cannot therefore be heard to complain. Furthermore he gave no reason for striking same out. (5) Instruction 7, advising the jury appellant was on trial alone for an assault with intent to commit rape, was correct and properly given. State v. Montgomery, 63 Mo. 298. (6) Instruction 8, relating to the condition of the appellant as to being drunk or not, and informing the jury that drunkenness is no defense, is correct. State v. West, 157 Mo. 318. (7) The evidence in this case does not warrant an instruction on common assault. Appellant failed to offer or ask for such instruction and also failed to raise this point in his motion for new trial, hence nothing here for review on this point. State v. Alcorn, 137 Mo. 124. (8) The record shows the presence of the defendant in his own proper person at the beginning of the trial and it is presumed, in the absence of all evidence in the record to the contrary, that he was present during the whole trial. There is no evidence whatever in this record to the effect that defendant was not present when the verdict was returned. Hence nothing here for review on this point. Sec. 4008, R. S. 1919; State v. Long, 209 Mo. 379. (9) The court did not err in overruling appellant's motion for a continuance on the ground of surprise because of the failure of the State to indorse the names of all of the State's witnesses on the information. State v. Jeffries, 210 Mo. 322; State v. Barrington, 198 Mo. 66; State v. Myers, 198 Mo. 243.

RAILEY, C.—An information was filed in the Circuit Court of Chariton County, Missouri, on January 18, 1921, in which defendant was charged with assault

with intent to rape Ruth White in said county, on the —— day of December, 1920. The case was tried before a jury on February 10, 1921, and the following verdict returned:

"We, the jury, find the defendant guilty as charged in the information and assess his punishment at a term of two years in the State Penitentiary.

"GEORGE M. DEWEY, Foreman."

The evidence on behalf of the State tended to prove the following facts: That Ruth White, a female, seventeen years old on October 21, 1920, lived at Salisbury, Missouri, with her mother and defendant, James E. Comer, her mother's husband, up to the time of this prosecution. Ruth White had two half sisters, one ten and the other four years of age, all of whom constituted the family on December 15, 1920. The house occupied by this family faced southward, with a south door opening into the front room, and a door near it opening into the southwest bedroom; then, a little farther on, another door opened into the kitchen from the front room. The southwest room was used as a bedroom, and contained two beds. Prosecutrix, Ruth White, occupied the bed in the northeast corner, and her half sister, Lida Comer, slept with her. Her mother and defendant, with the youngest half sister, occupied the other bed. On the evening of December 15th, defendant was at home and, after eating his supper, left the house and returned again about ten o'clock p. m. When appellant came into the house he turned the lights on for a few minutes, and then turned them off. While in the front room, he was heard to fall on the floor. Mrs. Comer went in to see what had happened, and asked defendant if he had not better go to bed. Thereupon, appellant went to the foot of *his* bed, pulled off his outside clothing, then went to the bed of prosecutrix. Mrs. Comer took him by the arm, and told him it was not his bed, whereupon he said, "I know what I am doing." He attempted to get on the bed occupied by the prosecutrix, but his wife

and older daughter held him off.  Prosecutrix managed to get to the front door, and attempted to unlock it.  Defendant grabbed her by the right shoulder, and she thereupon screamed.  He threw her back on the bed, and she kept screaming.  Every time she screamed, he slapped her, and finally grabbed her throat.  He then laid her on the bed, and threw his two feet over hers, put one hand over her mouth and the other on her body.  She was only dressed with a nightgown.  He put his hand around over her body, underneath her nightgown, and tried to separate her limbs.  During all this time prosecutrix was trying to get away, but could not move.  Defendant's older daughter grabbed his arm, but he made her turn it loose.  At this time Mrs. Comer was not at the house, and defendant did not stop until Town Marshal Simmons entered the bed room and spoke to him.  He then turned over on his back, released prosecutrix, and she then got up and left the room.  Mrs. Comer came in with the marshal.  The latter motioned to prosecutrix, and she went out on the porch, but before she had time to tell him what the trouble was, defendant came to the door, took the marshal by the arm, and told him he wanted to talk with him.  The mother of prosecutrix told her to run, which she did, going across the street to Mr. Prescott's house, who was a neighbor.  Prosecutrix testified that in July, before the above assault, defendant made an effort to have sexual intercourse with her; that he tried to hire her, but she refused.  He told her he would not force her, and requested her not to tell anybody; that her mother was sick in bed at the time; that on the above occasion he put his hand on her "right there" (indicating); that she told her mother about this affair.  The State's evidence tends to show that defendant had been drunk during the day of the assault, but knew what he was attempting to do when the assault was made.

Bert Prescott and wife, who lived across the street from defendant, had gone to bed about ten o'clock the

night of the assault, had been asleep and were awakened by the screams of a woman in the Comer house. Mr. Prescott looked out through the glass of his front door, and saw Mrs. Comer standing on her front porch. Prescott asked her what was the matter, and she made no answer, but came running across the street to his front porch. Whereupon, Prescott's oldest son called th· marshal, who came to defendant's residence at once.

The evidence on behalf of appellant was as follows:

Cruse Simmons, the town marshal, testified that when he went to defendant's house he found appellant, the prosecutrix and his older daughter all on the bed; that defendant didn't do anything until he called him; that he then got up, after the prosecutrix got up and went into the room where her mother was; that defendant had on his night clothes; that after talking a while with defendant, the marshal left; that he was there about twenty minutes, without arresting defendant; that everything was quiet, and there was no trouble that he could see or hear.

Defendant filed motions for a new trial and in arrest of judgment. Both motions were overruled, defendant duly sentenced, and judgment rendered in accordance with the terms of said verdict. From said judgment, defendant duly appealed to this court.

Such other matters as may be deemed important, will be considered in the opinion.

I. The information in this case is based upon Section 3263, Revised Statutes 1919, and is sufficient as to both form and substance. [State v. Payne, 194 Mo. l. c. 450; State v. Neal, 178 Mo. l. c. 69.]

Information.

II. The trial court did not abuse its discretion in overruling appellant's application for a continuance. It reads as follows:

Continuance.

"Comes now the defendant and moves the court to continue the cause herein for the reason that the de-

fendant is surprised on account of the failure of the State to indorse upon his information the names of the witnesses as provided by statute.

"HARRY K. WEST."

The application was not sworn to, states no facts warranting a continuance, and no evidence was offered in support of same. The application was without the slightest merit and properly overruled.

III. It is insisted by appellant that his demurrer to the evidence at the close of the case should have been sustained. The facts are fully set out in the preceding statement, and speak for themselves. The testimony of the prosecutrix, is uncontradicted, clear, reasonable, and bears upon its face the impress of truth. The screams which she uttered, while defending herself against appellant's assaults, were heard across the street by Mr. Bert Prescott, whose son called the town marshal and requested the latter to go to defendant's residence. The prosecutrix, according to the testimony, was seventeen years of age, and was living with defendant as a member of his family. It was his plain duty, under the law, to protect her from such assaults as he made upon her person. If he had succeeded in accomplishing his purpose, he would undoubtedly have been guilty of a felony. [Section 3260, R. S. 1919; State v. Kyle, 259 Mo. 401, 168 S. W. 681; State v. Nibarger, 255 Mo. 289, 164 S. W. 453; State v. Sibley, 131 Mo. 519, 33 S. W. 167.]

Under Section 3263, Revised Statutes 1919, heretofore cited, defendant was found guilty of a felony, in assaulting the prosecutrix, and attempting to have sexual intercourse with her, without her consent, and against her will. If the testimony of the prosecutrix was false and unfounded, the defendant had ample opportunity to show this fact. His daughter, Lida Comer, ten years of age, was present when the assault was made, and defendant did not call her as a witness in his behalf. Both he and his wife were competent witnesses

in his behalf, and neither testified. In other words, the testimony of prosecutrix, as to the felonious assault, and defendant's effort to have sexual intercourse with her in July, while his wife was sick, stands unchallenged. It was the peculiar province of the jury to weigh the evidence and pass upon the facts of this case. The verdict of the jury met with the approval of the trial judge, and is amply supported by substantial evidence. [State v. Urspruch, 191 Mo. l. c. 48-9, 90 S. W. 451; State v. Payne, 194 Mo. 442, 92 S. W. 461; State v. Pierce, 243 Mo. 524, 147 S. W. 970; State v. Fleming, 177 S. W. (Mo.) l. c. 302.] The demurrer to the evidence was properly overruled.

IV. The trial court did not abuse its discretion, in permitting the prosecuting attorney to ask three or four leading questions, during the examination of prosecu-

Leading Questions.
trix. She had frankly testified, without interruption, to nearly all the main issues in the case, and answered with intelligence, the few leading questions propounded to her. [State v. George, 214 Mo. l. c. 269; State v. Knost, 207 Mo. l. c. 23; State v. Wertz, 191 Mo. l. c. 586.]

V. Appellant complains of the court's ruling in refusing to strike out part of prosecutrix's testimony.

Conclusion.
She was being cross-examined by counsel for defendant, and the following occurred:

"Q. He (defendant) didn't talk like usual? A. Not like when he was all right he didn't, and at the same time I think he knew what he was doing. I know he did."

Counsel called for the opinion of witness, and the court committed no error in refusing to strike out the answer. No reason was assigned for striking out the answer.

VI. The correctness of instruction three, given by the court, is challenged by defendant. It reads as follows:

"3. The court instructs the jury that if you find and believe from the evidence that the defendant, on the 15th day of December or at any time within three years before the 15th day of December, 1920, at and in the county of Chariton and State of Missouri, did make an assault upon Ruth White with the intent to ravish and carnally know her forcibly and against her will, by using such force as would at all hazards overcome the resistance of the said Ruth White, and that in such attempt he took hold of her and did any act toward the commission of such offense, then you should find the defendant guilty," etc.

*Any Forcible Act.*

The principles of law announced in above instruction are sustained by the authorities in this State. [Sec. 3263, R. S. 1919; State v. Montgomery, 63 Mo. l. c. 298 and following; State v. Smith, 80 Mo. l. c. 518-19; State v. Shroyer, 104 Mo. l. c. 446-7; State v. Neal, 178 Mo. l. c. 70-1; State v. Espenschied, 212 Mo. l. c. 222-3; State v. Shaw, 220 S. W. (Mo.) 861, and following.]

VII. Instructions 4, 5, 6 and 7, given by the court correctly defined the law in respect to the matters referred to therein. [State v. Montgomery, 63 Mo. l. c. 297-8.]

VIII. Appellant challenges the correctness of instruction eight, given by the court, and cites some authorities outside of our State in support of his position. Said instruction reads as follows:

*Drunkenness.*

"8. Although you may believe from the evidence that the defendant was intoxicated at the time of the alleged assault, yet you cannot consider such intoxication as constituting any excuse, mitigation, or extenuation of the alleged offense, neither can you consider such intoxication in determining whether or not such assault was made with intent to commit a rape, or whether or not it was made on purpose.

"Voluntary drunkenness is no excuse for an assault, and if you find from the evidence and believe beyond a reasonable doubt that the defendant assaulted Ruth White as set forth in these instructions you will find the defendant guilty, and it makes no difference whether he was drunk or not at the time he committed the offense."

It is unnecessary to review the authorities cited by appellant from other jurisdictions, as the law is too well settled in this State to admit of discussion. The above instruction is sustained by an array of authorities, many of which will be found referred to, and considered, in State v. West, 157 Mo. 309; State v. Brown, 181 Mo. l. c. 212; State v. Church, 199 Mo. l. c. 636-7; and in State v. Jordan, 285 Mo. l. c. 69, 225 S. W. l. c. 906-7, where numerous Missouri cases cited are to the same effect.

IX. In the face of the uncontradicted evidence in the case, the trial court committed no error in failing to instruct the jury upon common assault. [State v. Alcorn, 137 Mo. l. c. 124; State v. Sykes, 248 Mo. 708; State v. Miller, 263 Mo. l. c. 335.]

Common Assault.

X. It is contended that the record does not show appellant was present when the verdict of the jury was returned. The record does show that he was present at the commencement of the trial and there is nothing in the record to indicate he was not present in court when the verdict was returned. Defendant, however, in his motion for a new trial makes no such assignment of error and, hence, the matter is not properly before us for review. Aside from the foregoing, it will be presumed in the absence of evidence to the contrary, that defendant was present during the *whole* time. [Sec. 4008, R. S. 1919; State v. Long, 209 Mo. l. c. 380-1; State v. McNeal, 237 S. W. (Mo.) l. c. 741.]

Presence in Court.

XI. We have, with painstaking care, read the record and briefs of counsel in this case. After a full con-

sideration of all the questions involved, we have reached
Conclusion.     the conclusion that the court properly de-
clared the law in the instructions given; that
it committed no error in refusing the instructions asked
by defendant; that no adverse rulings were made by
the court of which defendant can legally complain; that
he was properly tried before an impartial jury, and
properly convicted upon substantial evidence.

The judgment below is accordingly affirmed. *White,
C.,* concurs; *Reeves, C.,* not sitting.

PER CURIAM:—The foregoing opinion of RAILEY,
C., is hereby adopted as the opinion of the court. All
of the judges concur.