STATE of Missouri, Respondent,

v.

Jim CROSS, Appellant.

No. 49106.

Supreme Court of Missouri,

Division No. 1.

May 14, 1962.

Robert A. McIlrath, Flat River, for appellant.

Thomas F. Eagleton, Atty. Gen., Pendleton Goodall, Jr., Sp. Asst. Atty. Gen., Jefferson City, for respondent.

HYDE, Judge.

Defendant was charged with burglary, second degree, and stealing. (See Secs. 560.070 and 560.156, statutory citations are to RSMo and V.A.M.S.) The jury found defendant guilty on both charges and assessed punishment at two years' imprisonment on each. Defendant has appealed from judgment and sentence in accordance with the verdict.

The State says defendant was allowed 20 days to file motion for new trial and did not file it within that time. However, the motion was filed within 30 days and since the court considered and ruled on the motion it must have construed its order as meaning that the 20 days it allowed was in addition to the 10 days authorized by Rule 27.20, V.A.M.R. Therefore, we will consider the assignments in the motion for new trial which comply with that Rule.

■ Assignments 1 and 2 concern the sufficiency of the evidence to support the verdict, claiming the court should have sustained defendant's motions for acquittal at the close of the State's evidence and at the close of all the evidence. Of course, defendant waived the first by putting on evidence and a statement of the facts shown demonstrates the second is without merit. Defendant was charged with breaking into and entering the V.F.W. Hall in Desloge, taking four cases of beer and several cartons of cigarettes. It was admitted that the Hall was broken into and the beer and cigarettes taken. A trustee of the organization testified he found a window broken and the front door unlocked when he came there on the morning of May 24, 1960. He also said the beer was kept in a cooler behind the bar; and that there were four locks broken, one at each end of the cooler and two on doors.

■ Four young men were charged with this offense; two of them had been tried and convicted before defendant's trial, one still serving sentence at Algoa. At defendant's trial these two testified they had broken in, stolen the beer and cigarettes and that defendant was not with them. However, these two admitted in their testimony that when first arrested, they told the officers that defendant and his companion (who worked together at a filling station) were the ones who did it and they were released; and that after being arrested again, they told the officers that all four did it. Two of the sheriff's deputies testified that defendant admitted his participation to them and that he then signed a statement written in his words by a girl in the prosecuting attorney's office. She said: "He wanted to make a statement of what he had done and he told me that he had broke into the V.F.W. Hall and taken beer and cigarettes. There was five cases of beer and I think four cartons of cigarettes. And then he went on to say that they broke into the fire escape and got in and then he let the others in." The officers said defendant made his admissions and written statement without any threats or promises, saying "they got the beer and the cigarettes and they thought they might as well go ahead and get it over with." At the trial, defendant denied having any part in the burglary or stealing and had evidence to support his defense of alibi. As to the confession, defendant testified one of the deputies told him: "[I]f I'd admit it, he'd help me get off on parole and if I didn't, if I fought it, I'd get two to five years." We must hold that the court properly overruled the motion for acquittal at the close of all the evidence.

■ Assignment 3 alleged error "in allowing witnesses to be endorsed on the information at the last moment." Sec. 545.-240, Sec. 545.320, and Rule 24.17 mean that names of known witnesses must be endorsed

on the information when it is filed, although the court may order additional names to be added on proper notice and showing. However, in this case, there was no claim of surprise and no written application for continuance filed. (See Rule 25.08; State v. Burlison, 315 Mo. 232, 285 S.W. 712, 716; State v. Comer, 296 Mo. 1, 247 S.W. 179, 181; State v. Ash, Mo.Sup., 286 S.W.2d 808, 811.) Notice showing the names of the witnesses had been given about three days before the trial and the only witnesses used were the deputy sheriffs, the girl in the prosecuting attorney's office and the trustee of the V.F.W. Hall. Since there had been previous trials of two of the three men charged with defendant, there was probably no surprise in the use of these witnesses. Nevertheless, we must disapprove the practice of endorsing no witnesses on the information when it is filed.

Assignment 4 alleged error in giving the instruction on confession (No. 7) which it is claimed was a comment on the evidence and did not properly state the law. Instruction 7 is as follows: "You are instructed that with reference to the paper offered in evidence purporting to be a confession of the defendant of the commission of the crime charged against him in the information, the court instructs the jury that it is a rule of law founded in reason that a confession of a defendant, when voluntarily made, is evidence against him, because common experience proves that a man will not without motive for so doing, confess facts to his disadvantage, unless they are true. The court further instructs the jury that before any confession can be received as evidence in a criminal case, it must be shown that it was voluntarily made, and if the confession drawn from the defendant was by the use of the flattery of hope, or by the torture of fear, or by such promises held out to the defendant that (as) rendered his said confession involuntary, then the jury should reject such confession."

▌ The first sentence in this instruction is substantially the same as the first sen-

tence in the instruction set out in State v. Stebbins, 188 Mo. 387, 396, 87 S.W. 460; see also Raymond, Missouri Instructions, Secs. 3491, 3494. The last part of this first sentence is an argumentative comment on the evidence (defendant's confession). Since this confession, the truth of which was denied by defendant, was the only direct evidence of his participation in the crime, it would surely be prejudicial to tell the jury it is "a rule of law" that his confession was evidence against him without requiring the jury to find it was true; especially when this instruction went on to say it was evidence against him "because common experience proves" he would not confess such facts "unless they are true." We consider these statements very similar in effect to those condemned in State v. Dollarhide, 333 Mo. 1087, 63 S.W.2d 998; State v. Johnson, 333 Mo. 1008, 63 S.W.2d 1000; and State v. Phillips, Mo.Sup., 299 S.W.2d 431, 435, and cases therein cited. As we said in the Phillips case, this instruction "seems to say the jury had no function to determine whether or not anything the defendant had said against himself was true, even though later denied by him." The instruction in the Stebbins case was approved before our rulings in the Dollarhide and Johnson cases; but it did have the following qualifying sentence which gave some indication of the jury's function to determine the truth of the confession and which does not appear in Instruction 7 herein, namely: "Such confessions, however, should be strengthened and supported by facts and circumstances corroborative of their truth; and in this case if the jury believes from the evidence that the defendant made such alleged confession to the prosecuting attorney and other officers having him in custody and that the same was freely and voluntarily made, then you should take such confession into consideration in making up your verdict." Moreover, the instruction in the Stebbins case submitted the issue of whether or not the defendant therein had "sufficient mind or memory to comprehend what he was saying or doing" (because of intoxi-

cation, etc.) which was a different situation from that presented herein. (See also the confession instruction approved in State v. Pillow, Mo.Sup., 169 S.W.2d 414, 416.) The vice of Instruction 7 herein is that it does not require the jury to find what the defendant said in the confession was true but instead in effect tells them, if found to have been voluntary, it must be accepted as true although he denied it, gave an explanation for making it, and presented the defense of alibi.

Assignments 5 and 6 allege as error, improper rebuttal testimony by a deputy sheriff, some of which consisted of his statements as to what the others charged with defendant told him (out of the presence of defendant) in answer to such questions as "Who did Harris tell you had broken into the place? Who did Hahn tell you had broken in?"; and in allowing the sheriff to quote what Jesse Dean had said, as follows: Question: "Jesse, I guess you know why we're here?" Answer: "He said, 'It's about that beer and cigarettes at the V.F.W. Hall.'" (Defendant's counsel did state a better objection to this one than to the others.) All this not only went beyond proper rebuttal (which the court has some discretion to permit) but was inadmissible evidence. Prior inconsistent statements of a witness are admissible for impeachment as affecting his credibility. (58 Am.Jur. 417, Witnesses 767; 98 C.J.S. Witnesses §§ 573, 610, pp. 531, 611; Wigmore on Evidence, Secs. 1017, 1018.) As noted it had been shown, and properly so, when the two who had been tried denied at the trial defendant's participation with them, that they had first accused defendant and his companion of the breaking and stealing and then later said all four of them did it. (As noted, these inconsistent statements were admitted by them.) However, "statements offered as *self-contradictions* are admitted not as assertions to be credited, but merely as constituting an inconsistency which indicates the witness to be in error in one or the other statement." (Wigmore on Evidence, Sec. 1792; 58 Am.Jur. 449, Witnesses 804; 98 C.J.S. Witnesses § 628, p. 643; see also State v. Turner, Mo.Sup., 272 S.W.2d 266, 48 A.L.R.2d 1008; State v. Davenport, 342 Mo. 996, 119 S.W.2d 291.) Furthermore, an admission or confession by a person accused of a conspiracy or crime after its accomplishment is not ordinarily admissible against others participating in the crime or conspiracy and implicated thereby (22A C.J.S. Criminal Law § 769, p. 1157). "[I]f the declaration of a co-conspirator or co-actor sought to be shown in evidence is not in furtherance of the object of the unlawful combination, or if it was made prior to the formation thereof, or after the consummation of the purpose thereof, the objection to be made is that such declaration is hearsay statement and not binding upon the co-conspirator or co-actor on trial. * * * After the common enterprise is ended, whether by accomplishment or abandonment, no one of the conspirators or joint actors is permitted by any subsequent act or declaration of his own to affect the others." (State v. Chernick, Mo.Sup., 278 S.W.2d 741, 748; and authorities cited; State v. Chernick, Mo. Sup., 280 S.W.2d 56, 59.) The statements made to the deputy sheriffs, out of the presence of defendant by the others charged with the crime some time after its commission, were not admissible as evidence against defendant. Other matters raised, such as claimed prejudicial argument of the prosecuting attorney, need not be considered now.

The judgment is reversed and the cause remanded.

All concur.