THE STATE v. HAROLD STAMPER, Appellant.

Division Two, May 28, 1926.

1. **BILL OF EXCEPTIONS: Certificate of Clerk.** Where the record proper is presented to this court under one cover, and what purports to be a bill of exceptions under another cover, but both are

filed here at the same time, and the certificate of the circuit clerk, attached to the record proper, though not in good form and does not name either the record or the bill, indicates that it was his intention to certify to the entire record, including the bill of exceptions, it will not be held that there is nothing for consideration in this court except the record proper, but the circuit clerk's undoubted intention that his certification was to include the bill of exceptions will be accepted as controlling.

2. ———: Filing: In Vacation. Notwithstanding the record proper does not recite that the bill of exceptions was filed in the circuit court, if the order of court authorizes a filing of a bill of exceptions in vacation, then the endorsement of the circuit clerk on the back of the bill is a certification of its filing and identifies it as the one filed in the case. Where the order of the court authorizes the filing of a bill of exceptions in vacation, and it is filed in vacation, an entry of record furnishes no evidence of its filing, but the clerk's endorsement on the back of the bill itself is evidence of its filing, and thereupon the certification of the clerk to the entire record, including the bill of exceptions so endorsed, that it is a true and complete copy of all records, proceedings and papers filed in the case, authorizes this court to accept the bill as the true bill of exceptions filed in the case.

3. ———: Filing in Vacation: No Memorandum: No Recital of Vacation: Presumption of Duty. The statute (Sec. 2331, R. S. 1919) requiring the clerk of the circuit court to make on the margin of each pleading and paper attached to a file a memorandum of all orders and entries in relation thereto, with a reference to the book and page in which each order shall have been entered, has no application to a bill of exceptions filed in vacation, in pursuance to an order of court authorizing the filing of the bill in vacation, because where papers are filed in vacation there is no authority for an entry of their filing on the record proper. Hence, where the clerk placed on the back of the bill of exceptions an endorsement showing it was filed on a named date, and signed his name thereto, but did not state it was filed in vacation, and there is nothing in the bill or the record to show that the court was in vacation on that date, or that it was filed in vacation, it will be presumed that the clerk did his duty, and that the bill of exceptions was filed in vacation.

4. INSTRUCTION: Burglary and Larceny: Separate Finding: Benefit of Defendant. Where defendant was found guilty of larceny alone and his punishment assessed at two years' imprisonment, an instruction directing the jury, if they found certain facts, to find him guilty of burglary and assess his punishment at not less than two

State v. Stamper.

years' imprisonment, and if they found him guilty of burglary, and further found that he stole forty-one dollars, to find him guilty of larceny and assess his punishment at imprisonment for not less than two years nor more than five years, if erroneous because it did not require the jury to find him guilty of burglary alone, or of larceny alone, but required them to find him guilty of burglary in order to find him guilty of larceny, was an error in favor of defendant, of which he cannot complain, because it put upon the State an additional burden of requiring the State to prove that he was guilty of burglary in order to find him guilty of larceny.

5. ———: ———: Conspiracy: Common Design: Proof. Conspiracy may be proved by circumstances; it is not necessary to prove that parties who engage in a common enterprise to commit a crime made a definite agreement before committing the crime. Evidence that defendant and a co-indictee, charged with burglary and larceny, were together dividing the plunder, and admitted that they acted and operated together in entering the store and in taking the stolen money, is sufficient to support an instruction relating to a common design or community of intention between them in accomplishing the burglary and larceny.

6. EVIDENCE: Cross-Examination: Contradictory of Former Testimony. The principal witness for the State testified that defendant and a co-indictee, indicted for burglary and larceny, came to his room at night, stated that they had just burglarized a certain store and divided twenty dollars equally between them; that defendant explained to him how they entered the store by prying up the window with a hatchet, and that the next morning he told the railroad station agent about the matter, and the agent testified that he did tell him the next morning. On cross-examination the witness was asked if, at the preliminary examination, he hadn't testified that he did not tell anybody about the matter for three weeks after its occurrence, and did not tell it because he didn't care anything about it, and didn't tell it until suspicion was directed towards him. An objection to the question was sustained. The justice of the peace, a witness for defendant, was asked to state whether the State's witness had so testified at his preliminary examination; an objection to the question being sustained, defendant offered to prove that the witness had so testified. *Held,* that the questions were proper, and the ruling sustaining the objections was reversible error.

7. ———: Proffered Testimony: Objection to Exclusion. Where a question suggests an answer, and an exception is saved to a ruling of the court sustaining an objection thereto, an offer to prove that the witness would answer the question in the manner suggested by it adds nothing to the force of the exception already noted, and there-

fore it is immaterial that the court made no ruling when the offer was made, or that no exception was saved to the refusal of the offer. The error consisted in refusing to permit the question to be answered, and an exception to that ruling saved it for review on appeal.

Corpus Juris-Cyc. References: Conspiracy, 12 C. J., Section 7, p. 544, n. 27; Section 226, p. 633, n. 47; Section 231, p. 638, n. 80. Criminal Law, 16 C. J., Section 1018, p. 540, n. 59; 17 C. J., Section 3342, p. 78, n. 38 New; Section 3420, p. 129, n. 76; Section 3433, p. 146, n. 58; Section 3441, p. 159, n. 27; Section 3573, p. 228, n. 22 New; Section 3679, p. 334, n. 4; Section 3688, p. 339, n. 64. Larceny, 36 C. J., Section 483, p. 899, n. 34.

Appeal from Boone Circuit Court.—*Hon. David H. Harris*, Judge.

REVERSED AND REMANDED.

*Don C. Carter* for appellant.

(1) The court erred in giving Instruction 1, in which it was undertaken to direct the jury what kind of a verdict to render in a case where defendant was charged with both burglary and larceny in the same count of the information. Sec. 3305, R. S. 1919; State v. Brinkley, 146 Mo. 37; State v. Lackey, 230 Mo. 718; Laws 1921, p. 279. (2) The court erred in giving Instruction 4 relative to a "common design" to commit the crime charged, because said instruction was misleading to the jury and there was not a syllable of evidence upon which to bottom it. State v. Ross, 306 Mo. 499. (3) The court erred in refusing to permit defendant to cross-examine the State's chief witness Boyd as to his testimony before the justice at the preliminary examination of defendant, and refused to permit defendant to show by the witness Bicknell, the justice before whom the preliminary examination was held, that the State's witness Boyd had testified on the trial of the case to a state of facts contrary to what he testified to at the preliminary examination, which said evidence was offered for the purpose of impeaching the State's witness Boyd and as testing his credibility. State v. Hammond, 77 Mo. 159; State v. Lockhart, 188 Mo. 427; State v.

Darling, 202 Mo. 150; State v. Allen, 290 Mo. 283; State
v. Nave, 283 Mo. 39.   (4)   The evidence is not sufficient
in law to sustain the conviction.   (5)   Under the evi-
dence the defendant was either guilty of both burglary
and larceny or not guilty of either, · and the verdict
against defendant as for larceny only, is evidently the
result of a compromise between the jurors, and should
not be sustained under the law and the evidence.

*North T. Gentry,* Attorney-General, and *Wm. L.
Vandeventer,* Assistant Attorney-General, for respond-
ent.

(1)   Record proper does not show filing of bill of
exceptions.   Therefore there is nothing before the court
for review but the record proper.   State v. Gooch, 248
S. W. 929; State v. Latshaw, 209 S. W. 870.; State v.
Akers, 278 Mo. 368; State v. George, 221 Mo. 519.   It
is duty of counsel for defendant to see that proper en-
tries are made, entered of record, and that proper tran-
scripts are filed in this court.   State v. Keller, 304 Mo.
63; State v. Piersol, 210 S. W. 58; State v. Pieski, 248
Mo. 715; Sec. 4103, R. S. 1919.   (2)   When the court re-
fused to permit cross-examination of witness Boyd rela-
tive to his testimony at the preliminary examination, no
offer was made so the court would understand what evi-
dence counsel sought to. elicit and the question did not
indicate the expected answer.   State v. Merrell, 263 S.
W. 118; State v. Osborn, 240 S. W. 820; State v. Lan-
ders, 299 Mo. 671; State v. Mevitt, 270 S. W. 337.; State
v. Todd, 225 S. W. 909; State v. Roberts, 280 Mo. 669.
He had already answered the question by stating that
he didn't remember.   (3)   There was no ruling by the
court on the offer to show witness' testimony at former
trial and no objection or exception either to the court's
failure to rule or its refusal of the offer of proof.   Hence,
this point is not up for review.   State v. Sadowski, 256
S. W. 753; State v. Todd, 248 S. W. 939; State v. Thurs-
ton, 242 S. W. 908; State v. Reynolds, 189 Mo. App. 146;

State v. Wanna, 245 Mo. 558. (4) Instruction 1 was in proper form. It covered every essential element of the case. Secs. 3297, 3305, R. S. 1919; State v. Tipton, 271 S. W. 55; State v. Peebles, 178 Mo. 475. (5) Where two or more persons commit a burglary and larceny, the act of one is the act of all. State v. Vaughan, 200 Mo. 3; State v. Brown, 270 S. W. 275.

WHITE, J.—The appeal is from a conviction and sentence in the Circuit Court of Boone County, February 16, 1924, on charge of grand larceny. The defendant was charged jointly with one Calvin Moberg with burglary and larceny committed August 1, 1924, by breaking into a store building of one Ford Honey in Boone County, and stealing forty-one dollars in money. There was a severance, and the two were tried separately.

Ford Honey owned a garage and store building in Centralia, Boone County. The building faced Main Street, toward the Chicago & Alton station. The night of August 1, 1924, the store was entered from the rear through a window which was pried up and the lock broken. The cash register was rifled and $41 in cash taken.

The case against the defendant was made out almost entirely on the evidence of Braxie Boyd, who had a room across the Chicago & Alton Railroad tracks. On the night of the burglary he had been to a dance. He returned to his room about midnight and went to bed. He was awakened at 2:30 or three o'clock in the morning by voices, and found Harold Stamper and Calvin Moberg sitting on the side of his bed, counting money. One of them said, "Here is ten for me and ten for you." Boyd raised up, saw they were counting money, and asked what poor devil they had got. One answered, "Poor Honey." Braxie said to them, "This is no way for you to do me. Suppose the law should see you counting money, in my room; I would be in a nice predicament, wouldn't I?" He then told Moberg to go home. He told Stamper that he could stay with him that night; to put the lights out and go to bed. Stamper stayed the night with him. While with him they ex-

plained how they got into the garage by using a hatchet to pry up the window. On cross-examination Boyd said the money they were counting was paper money. He saw five or six bills.

The next morning Stamper said he needed a pair of shoes and asked Boyd to go to Joe Green's store and get a good pair; he would then give Boyd the money to go back and pay for them. He explained that he did not want the bills identified, and he said to Boyd, "Nobody would suspect you."

Boyd said he told all about the matter the next morning to H. M. Pruett, night operator at the Chicago & Alton passenger station. The night marshal of Centralia, Mr. Crittendorf, testified that he saw Stamper and Moberg that night about eleven or twelve o'clock in the alley back of the garage. Pruett testified that he saw Braxie Boyd go to his room about 12:30 that night, and later saw a light in the room and three people there, one of whom seemed to be undressed for bed. Next morning he had a conversation with Boyd in which Boyd told him about the occurrences of the night before.

Stamper testified on his own behalf that he had nothing to do with burglarizing Honey's store, and did not divide any money with Moberg in Boyd's room. Other evidence was offered by defendant to show that Boyd's reputation for morality was bad.

The State offered evidence to show that the defendant's reputation for truth and veracity and honesty was bad.

I.  The State insists that there is nothing for consideration here except the record proper, which does not show that the bill of exceptions in the case was ever filed. The record proper is presented under one cover, and what purports to be the bill of exceptions under a separate cover. This latter document appears to be the original bill of exceptions, and not a transcript certified by the clerk. The State does not object that it is the original bill instead of a transcript, but insists there is

no record to show it was filed. Both these documents were filed in this court at the same time. The certificate of the circuit clerk is attached to the record proper, and indicates that it was intended to certify to the entire record, including the bill of exceptions. It is not in good form and does not name the bill of exceptions, nor the record. It simply says that it is a full and complete copy of the transcript. Undoubtedly it was intended by the clerk to be a certificate of the corectness of his copy of the proceedings in the case, including the entire record, though he failed to use appropriate words to describe it. In view of that intention we hold that the certificate applies to the bill of exceptions as well as to the record proper.

But the record proper does not recite that the bill of exceptions was filed. The Attorney-General cites a number of decisions holding that the failure of the record proper to show such filing prevents a consideration of alleged errors in the bill of exceptions. That holding has been apparently without qualification, but there is a qualification. It applies only to a case where the bill of exceptions is filed when the court is in session to make a record of the filing. Where the order of court authorizes the filing of a bill of exceptions in vacation, there is no record to show it. The matter has been under consideration a number of times in this court, and it has been held that where a bill of exceptions is filed in vacation, an entry of record furnished no evidence of the filing, but the clerk's endorsement upon the bill of exceptions is certification of the fact that it was filed, and it identifies the bill as the one filed in the case. [Carter v. Prior, 78 Mo. 222, l. c. 226; Ferguson v. Thacher, 79 Mo. 511, l. c. 514; State ex rel. v. Broaddus, 207 Mo. l. c. 127-28; Railroad v. Turner, 177 Mo. App. l. c. 464; LaFollette v. Thompson, 83 Mo. 199; Waltemar v. Schnick's Estate, 102 Mo. App. 141; State v. Parker, 301 Mo. l. c. 299.]

It is said in the case of State ex rel. v. Broaddus, and case of Railroad v. Turner, supra, that there is no authority for a clerk of the circuit court to make a vaca-

tion record, and that a certificate of the filing, appearing elsewhere than on the bill, has not the dignity of a record, whatever value it may have as evidence. But the clerk's endorsement upon the bill itself is evidence that the bill was filed. In the Parker case, supra, there was nothing in the record proper to show the filing of the bill of exceptions, but the clerk certified to the entire record, including the bill of exceptions; that it was a true and complete copy of all the record, proceedings and *papers filed* in the case. That was held sufficient evidence that the bill of exceptions was filed. In the Carter case, supra, the court said, 1. c. 226: ''If filed in vacation, the fact must be evidenced by the endorsement of the clerk on the bill of exceptions.'' We find no ruling of this court that conflicts with that statement of the law, although there are cases which intimate that a statement by the clerk on the record in vacation that the bill of exceptions was filed, answers the same purpose. In this case, on the bill of exceptions is the endorsement of the clerk: "Filed October 16, 1925, Jos. T. Harris, D. C.'' Under the authorities mentioned we take it that that is sufficient evidence that the bill of exceptions was filed, if it was filed in vacation.

There is nothing on the paper to show whether the filing was in vacation or not.

Section 2331, Revised Statutes 1919, provides that the clerk shall make on the margin of each pleading and paper attached to the file, a memorandum of all orders and entries in relation thereto with reference to the book and page in which each order shall have been entered. The bill of exceptions, no doubt, is one of the papers forming the record within the meaning of Section 2330, and if the bill of exceptions in the case was filed in term time, so that an order of court was made of its filing, under Section 2331 the clerk must have noted on the margin of the bill a memorandum referring to the book and page where the order was made. No such notation is made on the margin nor any part of the bill of exceptions presented here. The clerk is presumed to have discharged

his duty, in absence of evidence to the contrary. The absence of such a minute indicates that such bill of exceptions was filed in vacation, and therefore the record proper could not show that it was filed.

The October term of the Circuit Court in Boone County begins on the first Monday in October. The bill of exceptions was filed on the 16th of October. There is nothing in the record to show that the term continued to that date, and assuming that the clerk did his duty we will presume that the bill of exceptions was filed in vacation. For these reasons the entire record is before us for consideration.

II. Appellant assigns error to the giving of Instruction 1. It authorized the jury, on a finding of stated facts, to find the defendant guilty of burglary and to assess his punishment at not less than two years' imprisonment in the penitentiary. The instruction then continued and directed the jury, if they found the defendant guilty of burglary, and further found that he took, stole and carried away the forty-one dollars referred to in the information, to find him guilty of larceny and assess his punishment at imprisonment in the penitentiary for not less than two years, nor more than five years. The jury rendered a verdict finding the defendant guilty of larceny only, and assessed his punishment at imprisonment in the penitentiary for two years. It is objected that the instruction did not authorize the jury to find him guilty of burglary alone, nor of larceny alone, but required them to find him guilty of burglary in order to find him guilty of larceny; that he was entitled to an instruction clearly upon each defense separately. If the instruction was erroneous in that respect the defendant cannot complain. It did not harmfully affect him in the verdict rendered. It was an error against the State; it put an additional burden upon the State by requiring it to prove that the defendant was guilty of burglary in order to find him guilty of larceny.

*Instruction: Burglary and Larceny.*

III.   Error is assigned to the giving of Instruction 4, in the usual form, regarding a common design or community of intention between Stamper and Moberg in ac-
**Conspiracy.** complishing the burglary and larceny. The objection is not to the form of an instruction, but that there is no evidence of a common design or purpose. With a view to considering this instruction we have set out above the evidence at some length on that point. The defendants were together dividing the plunder, and admitted that they acted and operated together in entering the store and taking the money. This is sufficient to authorize a finding by the jury that there was a common purpose in the undertaking. A conspiracy may be proven by circumstances. It is not necessary to prove that parties who engage in a common enterprise to commit a crime made a definite agreement before committing the crime. [State v. Delbono, 306 Mo. l. c. 562; State v. Simpson, 237 S. W. 748.; State v. Lewis, 273 Mo. l. c. 531; State v. Glon, 253 S. W. 364.]

IV.   In the direct examination of Boyd he was asked to whom he first told the conversation with Moberg and Stamper in his room, and said he told Mr. Pruett the next morning. Then he was asked if, at the preliminary examination, he didn't state that he didn't tell anybody about it for three weeks after it happened, because he didn't care anything about it and didn't tell it until suspicion was directed toward him. The State objected to that question, and the objection was sustained. The defendant noted an exception. The justice of the peace, witness for the defendant, who presided at the preliminary examination of Moberg and Stamper, was asked to state whether or not Braxie Boyd had so stated. The objection of the State to that question was sustained. Then defendant's counsel offered to prove that Boyd, at the preliminary examination, testified that he didn't tell anyone about the two boys being in his room dividing the money until three weeks after the burglary, and when asked why he didn't tell it sooner he said because he

didn't care anything about it until suspicion was directed toward him and he did it t o save his own skirts.

The Attorney-General concedes that the testimony was proper, and the court was in error in refusing to allow the witnesses to answer the question, but makes the point that when defendants made the offer of proof the court made no ruling on it and no exception was saved to the refusal of the court to permit it. He overlooks the fact that the question itself, addressed to the justice of the peace, suggested the answer. An exception was duly saved to the ruling of the court in sustaining the objection. The offer then to prove that the witness would answer the question in the manner indicated in the question added nothing to the force of the exception already noted. The court refused to allow an answer to the question. That was the erroneous ruling. Even if the question had not indicated the answer, the offer of the defendant merely showed what would be the answer, and it was not necessary for the court to rule again, nor for the defendant to except again to the ruling.

Braxie Boyd was the witness by whom the State made out its case, and the defendant had a right to prove any fact which would affect his credibility. For this error the judgment is reversed and the cause remanded. All concur.