THE STATE v. ERNEST DAVENPORT, Appellant.—119 S. W. (2d) 291.

Division Two, August 17, 1938.

*Roy McKittrick,* Attorney General, and *Franklin E. Reagan,* Assistant Attorney General, for respondent.

TIPTON, J.—An information was filed in the Circuit Court of Henry County, Missouri, charging the appellant with murder in the first degree in that he killed Glee McGinnis on October 23, 1936. On a change of venue, the cause was tried in the Circuit Court of Polk County, where the appellant was found guilty as charged and his punishment assessed at life imprisonment in the State penitentiary.

The appellant has not favored us with a brief. In his motion for a new trial, he has not challenged the sufficiency of the evidence to sustain the verdict. Therefore, it will only be necessary to briefly outline the evidence. The appellant was separated from his wife and lived with his four children in Clinton, Missouri. The deceased was his housekeeper. The appellant had been drinking during the evening of October 22, 1936. He telephoned the deceased to bring him his gun. She brought it to him and with him went into Perrine's Restaurant and stayed about an hour. Glee McGinnis then went home. About 11:15 o'clock that night Perrine called the police because of a disturbance caused by the appellant. The appellant told the police that the deceased had "run off" with sixty dollars of his

money. The officers took the appellant home and his thirteen-year-old daughter opened the rear door to let him in the house, after which the police left. The police were called back to the appellant's home about two o'clock that night and there they found the body of Glee McGinnis on the dining room table. It was the State's theory of the case that the deceased had been stomped to death by the appellant. Violet Davenport, five-year-old daughter of the appellant, testified to this fact.

The appellant contends that the court erred in refusing the following instruction: ''The Court instructs the jury that the impeachment of any witness testifying in this cause shall not be considered and used in the guilt or innocence of the defendant, but shall be considered by the jury only in affecting the truth and veracity of any such witness attempted to be impeached.''

We think it was error to have refused this instruction. Sadie Davenport, another of the appellant's daughters, testified in his behalf. On cross-examination she was asked if she had not testified to statements before the grand jury which were inconsistent with her testimony given in this trial. This she denied. However, in rebuttal the State placed on the stand several grand jurors who testified that her testimony before the grand jury was contradictory to the testimony she gave on the witness stand; her testimony before the grand jury had tended to incriminate the appellant. Under these circumstances, we think this instruction or one of similar import should have been given. The jury should have been told explicitly, by a proper instruction, that impeaching evidence could not be considered by them as substantive evidence tending to show appellant guilty of any crime. [State v. Warren, 326 Mo. 843, 33 S. W. (2d) 125.] In the case of State v. Swain, 68 Mo. 605, 1. c. 616, we said: ''The jury should have been very pointedly told that the testimony of Archer, so far as being evidence against the defendants, was to be entirely excluded from their consideration; that its only purpose was to impeach the statement of Curry, and could have no other effect whatsoever. The instruction asked by defendants on this was altogether unobjectionable, and should have been given.'' We think the failure to give this instruction was prejudicial error. [State v. Little, 228 Mo. 273, 128 S. W. 971; State v. Bersch, 276 Mo. 397, 207 S. W. 809; 16 C. J. 855; 14 R. C. L. 791.]

We will refrain from discussing the other points raised in appellant's motion for a new trial because they either do not properly comply with Section 3735, Revised Statutes 1929, or they are such that they probably will not reoccur on retrial of this cause.

From what we have said, it follows that the judgment of the trial court should be reversed and the cause remanded for a new trial. It is so ordered. All concur.