STATE of Missouri, Respondent,

v.

John L. BANKS, Appellant.

No. 56127.

Supreme Court of Missouri.
Division No. 2.

June 28, 1971.

John C. Danforth, Atty. Gen., Kermit W. Almstedt, Asst. Atty. Gen., Jefferson City, for respondent.

Richmond C. Coburn, St. Louis, for appellant.

BARRETT, Commissioner.

John L. Banks, with a prior felony record, has been found guilty of robbery with a dangerous weapon, a gun, and his punishment fixed at twenty years' imprisonment.

Alex Deutsch operates a grocery store, Dutch Boy Market, at 1728 Union Boulevard. About 5:30 on the afternoon of February 21, 1970, three men with guns held up and robbed Mr. Deutsch and his employees. At first Mr. Deutsch saw only two robbers but as he was forced at gun point to move from one part of the store

to another he said, "I tried to pull my apron back to go for my gun"—a loaded .38 caliber Smith and Wesson bearing serial number 84284. As he lifted his apron a voice, the third robber, warned, "I wouldn't do that or I'll kill you." In court Mr. Deutsch identified the appellant Banks as the third robber. Banks took Mr. Deutsch's gun, forced him to open a second cash register which he emptied. The robbers took a total sum of $1123.00. Deutsch had never seen Banks prior to the robbery and on that day after looking at a series of pictures produced by the police did not identify any of the photographs. About ten days later, however, Mr. Deutsch saw a picture in one of the daily papers and immediately called the police and informed them that one of the men, the appellant Banks, was also one of his robbers. Police officers again returned to the store and from a series of police photographs Mr. Deutsch identified one as a photograph of the appellant. The police department immediately issued an arrest bulletin for Banks and on March 12, 1970, detectives in Blytheville, Arkansas, arrested Banks and from his right front pocket removed a loaded .38 caliber Smith and Wesson, serial number 84284. In these telling circumstances the appellant does not question the sufficiency of the evidence to sustain the verdict.

■ He claims, however, that the court erred in refusing him permission to read the second paragraph only of the police report for the purpose of contradicting if not impeaching the testimony of the police officers, particularly Officer Summers who investigated the robbery. The second paragraph of the police report recited that Officers Horn and Summers "report that the above victim and the witnesses were shown numerous department L.B. photos and *it should be noted that Deutsch, Tate* (a customer) *and Sullivan* (a customer) *picked L.B. photo Number 95155.*" (Emphasis supplied.) Defendant's counsel proposed to read that paragraph of the report in evidence to contradict Officer Summers

and he urges that appellant is entitled to a new trial because of the court's refusal of the offer, particularly because "it related to the identification of the defendant by a photograph" and therefore falls within the condemnation of Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L. Ed.2d 1247. The prosecuting attorney and the court were under the completely erroneous impression that if defendant's counsel read the second paragraph the state was entitled to read the whole report which in the fourth paragraph showed that "subject" was also "wanted by this department for 'Murder.'" It does not follow, however, because of the unfounded objections of the prosecutor and the frequently erroneous rulings of the court that appellant is entitled to a new trial.

■ As indicated from the unusual but completely cogent and convincing circumstance of Deutsch's recognition and identification of the defendant from a newspaper photograph all other identifications by photograph were beside the point if not all but useless. In addition in testifying Officer Summers said that on the second occasion of his visit, March 8, 1970, Mr. Deutsch identified the defendant from eight photographs but he did not say that anyone else in the store identified the appellant's photograph, he simply said, "Mr. Deutsch did." As to the other people in the store the officer said that he did not remember whether they identified a photograph. Tate, a customer, described the robbery in detail and made an in-court identification of the defendant all from his memory and vivid remembrance of the occasion. On cross-examination he said that he was shown photographs but "I wasn't able to identify any of them." Mr. Sullivan, also a customer, did not make an in-court or any other identification of the appellant, he said that he could not identify any of the robbers. The police report was signed by Sgt. Chester Blancett of the detective bureau and Officer Summers said that he and Officer Horn came back and reported "what is typed here. * * * It

was a combined effort between me and my partner." The officer repeated "I said Mr. Deutsch identified the photo to me. Q. But Tate and Sullivan did not? A. Not to me, no sir. Q. Never did? A. Not to me." It was never clearly established that Officer Summers had caused the language "Deutsch, Tate and Sullivan picked L.B. photo Number 95155" to be placed in the police report and thus it does not clearly appear that there was anything necessarily contradictory or impeaching in the report. Contrary to the views of the prosecutor and the trial court "Prior inconsistent statements of a witness are admissible for impeachment as affecting his credibility." State v. Cross, Mo., 357 S. W.2d 125, 128; State v. Stamper, 314 Mo. 635, 285 S.W.2d 437; 24A C.J.S. Criminal Law § 1908(2), p. 1054. But as a recitation of the circumstances here illustrate, and aside from its hearsay character, there was in point of fact no basis or warning foundation for the introduction of the allegedly inconsistent statement by Officer Summers. 3 Wharton, Criminal Evidence, Secs. 917–921, pp. 339–346; State v. Kaplan, Mo., 16 S.W.2d 35, 37, involving a police report; State v. Stallings, 326 Mo. 1037, 33 S.W.2d 914. Thus in the particular circumstances of this record the court's erroneous rulings were not so manifestly prejudicial as to require the granting of a new trial by this court.

 Appellant has briefed and argued two other related matters, that the court erred in sustaining the state's objection to counsel's argument (1) that he had been appointed by the court to represent the defendant, an indigent, and (2) that the court erred in sustaining objection to his argument that the gun found on appellant when arrested in Blytheville could have been sold or given to him and that he did not necessarily take it from Mr. Deutsch. For whatever the arguments were worth counsel successfully got them before the jury, especially in view of the fact that the court merely sustained objection to the argument. And even though there was no evidence to support the two arguments even supposing the second one to be a legitimate inference from the record, (88 C.J.S. Trial § 181, pp. 356, 371) the court did not abuse its discretion in simply sustaining objections to the arguments. State v. Deutschman, Mo., 392 S.W.2d 279.

Accordingly the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

DONNELLY, P. J., MORGAN, J., and HENLEY, Alt. J., concur.

FINCH, J., not sitting.