**STATE of Missouri, Respondent,**

v.

**Merrell ROLAND, Appellant.**

**No. WD 31809.**

Missouri Court of Appeals, Western District.

May 26, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 23, 1981.

Application to Transfer Denied Sept. 8, 1981.

Patrick J. Eng and Larry A. Reed of Brown, Willbrand, Simon & Eng, P.C., Columbia, for appellant.

John Ashcroft, Atty. Gen., Suzanne M. Boersig, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

MANFORD, Presiding Judge.

This is a direct appeal from a jury conviction for violation of § 564.011, RSMo 1978, the class D felony of attempted stealing. The judgment is affirmed.

Respondent correctly points out that appellant filed an untimely motion for new trial. The motion was filed 39 days after the verdict. The record reveals that neither appellant nor the trial court complied with Rule 29.11. The verdict was rendered January 31, 1980. The court designated February 8, 1980 as the date for a persistent offender hearing and stated that the time for filing the motion for new trial would run from the February date. On February 8, 1980, the court granted appellant 30 days in which to file his motion.

■■■ The trial court is charged with knowing the import of Rule 29.11 and must adhere to its limitations. The trial court was without authority to extend the time prescribed by the rule. *State v. Tucker*, 451 S.W.2d 91 (Mo.1970). In addition, even though appellant was given additional time, he failed to file his motion until 10 days after the unauthorized additional time. This court, however, has considered the entirety of the situation and proceeds to review and dispose of the issues on this appeal ex gratia.

Appellant presents four points of error, which in summary allege that the trial court erred (1) by refusing to sustain appellant's motions for acquittal because the evidence was insufficient to sustain the verdict; (2) by permitting prejudicial hearsay; (3) by permitting one witness to give opinion testimony as to the truth of another's testimony and (4) by allowing the submission of instruction no. 7 because this instruction did not comport with MAI–CR.

Since appellant, in point (1), challenges the sufficiency of the evidence, it is necessary to set forth the pertinent facts. Appellant, in the company of a juvenile, entered the J. C. Penney's Store in Columbia, Missouri around 4:00 p. m. on November 20, 1979. The activities of appellant and his companion were observed by four store employees. Appellant and the juvenile were observed with a shopping cart containing cookware and flatware, and were also observed in the infants wear department. These employees testified that while the two were in the infants wear department, they (appellant and juvenile) were looking around other areas of the store as opposed to directing their attention to the goods in that department. The juvenile and appellant then left the store, with the juvenile pushing the cart and appellant holding the door open. One witness who had reached the outside testified that he heard appellant tell the juvenile to run.

At trial, the juvenile testified on behalf of appellant. The juvenile stated that appellant had nothing to do with the attempted theft. He added that appellant did not place any of the items in the shopping cart and did not assist him in leaving the store. On cross-examination, the juvenile admitted that he had previously given a statement to police and had testified at appellant's preliminary hearing that appellant had known of the intended theft, participated in it and told him (the juvenile) to run from the store. He stated that his previous statements and testimony were not true. He also denied telling his juvenile officer prior to trial that he had been threatened and had learned of threats from his brother. He admitted to having told the juvenile officer that a car had been following him.

In rebuttal, the juvenile officer testified that on the morning of trial, the juvenile told him he was going to testify that appellant placed nothing in the shopping cart. The juvenile officer testified that the juvenile, on three previous occasions, told him that he (the juvenile) had been threatened with physical harm if he testified. On cross-examination, defense counsel asked the juvenile officer his opinion regarding the juvenile's reputation for telling the truth. This cross-examination revealed a prior phone conversation between defense counsel and the juvenile officer during which the officer was pressed for his opinion concerning the juvenile's truthfulness. The juvenile officer finally admitted that what he had told counsel was: "Leon doesn't make up lies because he has to think about it." On redirect examination, this witness, over objection, was permitted to give his opinion as to which time (i. e., statements and preliminary hearing vs. trial

testimony) the juvenile was telling the truth. In response, the witness stated: "When Leon gave his statement to the Hannibal police, I feel that was truthful and I feel Leon's testimony in preliminary was truthful."

The evidence closed and the jury returned its verdict. The evidence is found sufficient to support the verdict. The evidence reveals that appellant and the juvenile had under their control a shopping cart containing merchandise valued over $150, that the juvenile pushed the cart from the store while appellant held the door, and that appellant told the juvenile to run. Further, the juvenile's testimony revealed that he had told the police and had testified at appellant's preliminary hearing that appellant was involved in the attempted theft and had told him (the juvenile) to run. Upon trial, the juvenile testified that his previous statements were untrue. It was within the province of the jury to choose which portion, if any, of the juvenile's testimony to believe. It cannot be concluded, as contended by appellant, that the evidence was insufficient to support the verdict. Point (1) is found to be without merit and is ruled against appellant.

In his point (2), appellant argues that the trial court erred in admitting prejudicial hearsay evidence. This alleged error goes to the trial court's permitting the juvenile officer to testify regarding threats to the juvenile. The juvenile testified, and upon cross-examination regarding physical threats, stated:

"Q. (By Ms. Johnson) Haven't you made statements to Fred Cochrane about threats being made against you about testifying today?

A. It wasn't my testifying.

Q. All right. Let me ask you this. Did you tell Fred Cochrane that Bucky had threatened to put you in concrete blocks and throw you in the river if you testified?

A. No.

Q. Didn't you tell him that a car was following you around?

A. Yes.

Q. And didn't you mention to him another time that you were afraid to testify?

A. No, I told him that I was—I forgot what I was supposed to say."

In rebuttal, the juvenile officer was asked the following questions and gave the following responses:

"Q. All right. Has he indicated to you that he was threatened against testifying?

A. On several occasions.

Q. Can you recall how many occasions?

A. Three.

MS. ASEL: Your Honor, I am going to object to the hearsay testimony.

THE COURT: Objection will be overruled.

Q. How many times have you talked with Leon with regard to this matter?

A. Three times.

Q. All right. Can you tell me what he said the first time?

A. The first time Leon said that he was concerned because his brother Danny had come home and said that someone was going to—

MS. ASEL: Your Honor, double hearsay involved here.

THE COURT: The Court will allow the evidence for the purpose of impeachment and not for the truth of what it says, but for the purpose of impeaching the witness only.

Q. (By Ms. Johnson) Go ahead.

A. Leon stated his brother Danny had come home and indicated to him someone was going to hurt his legs.

Q. What did he say the second time?

A. That he was going to be fitted for a pair of concrete shoes and dropped in the Mississippi River.

Q. If he testified?

A. If he testified.

Q. What did he say the third time?

Q. That there was a small car following him around when he went out on the streets."

The above record reference reveals the court's ruling upon appellant's objection. On this appeal, appellant presents a two-pronged argument. Appellant first argues that the evidence was inadmissible because it was hearsay. Secondly, appellant contends that the evidence was inadmissible because respondent failed to lay a proper foundation for impeachment. Appellant cites *State v. Granberry*, 491 S.W.2d 528 (Mo. banc 1973) for the general rule on extra judicial statements. In addition, appellant relies upon *State v. Nimrod*, 484 S.W.2d 475 (Mo.1972), which modifies the rule as to extra judicial statements and permits same for purposes of impeachment; *State v. Hicks*, 535 S.W.2d 308 (Mo.App. 1976), which holds that evidence of threats which cannot be associated with the defendant might be basis for declaring a mistrial or reversal, and *State v. Vaughn*, 501 S.W.2d 839 (Mo. banc 1973), which holds that a foundation for purposes of impeachment must be laid.

In contrast, respondent relies upon *State v. Nimrod, supra*, contending that the above-referenced evidence regarding the statement by the juvenile's brother falls within the exception in *Nimrod, supra*. Respondent further argues that the juvenile was shown to be a biased witness and relies upon the rule in *State v. Calmese*, 541 S.W.2d 349 (Mo.App.1976), which holds that evidence competent for one purpose cannot be excluded merely because it is incompetent and prejudicial for another. Respondent argues that the evidence was admissible to impeach the testimony of the juvenile, even though the answer given also contained reference that the juvenile had learned of physical threats through his brother.

■ The record dispels appellant's argument that respondent failed to lay a foundation for purposes of impeachment. The juvenile was specifically asked if he had told his juvenile officer that he was afraid to testify, and was afforded an opportunity to deny whether he had previously stated his fear. The juvenile then stated "no" to the question and followed that negative response with a declaration, "I forgot what I was supposed to say." The rule in *Vaughn* was satisfied.

■ *Nimrod* disposes of the remainder of appellant's contention on this point. The trial court admitted such evidence for the purpose of impeachment and not for the truth of the matter or as a basis for the jury's ultimate fact finding. *Nimrod*, at 478, clearly points out that hearsay testimony admitted for purposes of impeachment "must be inconsistent with the whole effect and impression of the witness' testimony. Isolated words or phrases contained in the testimony or an omission of detail supplied at trial will not suffice as a basis for the necessary contradiction." The juvenile denied being threatened. Respondent offered the juvenile officer testimony in rebuttal to impeach the juvenile's testimony. The rebuttal evidence served to impeach the juvenile's testimony on the question of being threatened.

The ruling of the trial court concerning the admissibility of the above-referenced evidence is found to be correct under *Nimrod, Granberry* and *Vaughn, supra*. Appellant's point (2) is found to be without merit and is ruled against him.

In support of his point (3), appellant argues that permitting the juvenile officer to give his opinion as to which version of the juvenile's testimony he believed was an invasion of the province of the jury and otherwise inadmissible since a witness may not pass upon the credibility of another witness.

■ Respondent counters appellant's argument by pointing out that the objections at trial are not those now presented on appeal. At trial, appellant objected on the grounds of lack of relevancy and improper foundation. On appeal, appellant argues that the question and the evidence were objectionable since a witness may not be asked to give an opinion regarding the credibility of another witness, thus broadening the objection on appeal. That such pre-

serves nothing for review, see *State v. Davis*, 482 S.W.2d 486 (Mo.1972); *State v. Atkins*, 494 S.W.2d 317 (Mo.1973) and *State v. Hines*, 581 S.W.2d 109 (Mo.App.1979). Point (3) is ruled against appellant.

For his final argument, appellant contends that the trial court erred in submitting the verdict directing instruction (no. 7) because said instruction did not conform to MAI–CR. The challenged instruction reads as follows:

### "INSTRUCTION NO. 7

"If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about November 20, 1979, in Boone County, State of Missouri, Leon Askew with the aid or attempted aid of defendant attempted to commit the offense of stealing without consent by removing from the J.C. Penney's Store, without consent, property belonging to J.C. Penney's, to-wit: silverware and dishes of a value greater than one hundred and fifty dollars, and

Second, that such conduct was a substantial step toward the commission of the crime of stealing without consent and was done for the purpose of committing such stealing without consent, and

Third, that the defendant, either before or during the attempted commission of the offense of stealing without consent, with the purpose of promoting its commission, aided such other person, to-wit Leon Askew, in attempting to commit that offense,

then you will find the defendant guilty of an attempt to commit stealing without consent.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty of an attempt to commit stealing without consent, you will assess and declare punishment at:

1. Imprisonment in the division of corrections for a term of years fixed by you, but not less than two years and not to exceed five years or

2. Imprisonment in the county jail for a term fixed by you but not to exceed one year."

Appellant attacks the second proposition in the above instruction, arguing that it not only fails to comply with MAI–CR 2.12 as modified, but that it is misleading and confusing to the jury. This court finds that instruction no. 7 comports with MAI–CR 2.12 in all respects except for the second proposition, which is the exact wording found within MAI–CR 18.02. Appellant argues that since one portion of the instruction relates to the offense defined under §§ 562.036 and 562.046, RSMo 1978, and proposition two relates to § 564.011, RSMo 1978, such was misleading and confusing to the jury.

Appellant further supports his argument by declaring the general rule that "[g]iving or failing to give an instruction or verdict form in violation of this Rule or any applicable Notes on Use shall constitute error, its prejudicial effect to be judicially determined." Rule 28.02(e).

■■■ By the inclusion of the second proposition, instruction no. 7 did not comply with the requirements of MAI–CR. The issue is whether this error was in any way prejudicial to appellant—a determination left to the courts. *State v. Harris*, 564 S.W.2d 561 (Mo.App.1978). By including the second proposition, respondent assumed an unnecessary burden. The challenged proposition required the jury to find that appellant's conduct was a substantial step toward the commission of the offense of attempted stealing. The effect of including this proposition was the placing of and the acceptance by respondent of a burden which it did not otherwise bear in the trial of this cause. The only requirement, under the offense charged, of showing which party made a substantial step toward the commission of the offense, was the showing that the juvenile, as principal actor, committed the offense.

The additional paragraph, although a deviation and hence error, placed a greater burden upon respondent than required. Appellant was benefited by the inclusion of said paragraph and the additional burden. Appellant cannot now be heard to complain of the benefit he received.

Under the facts and circumstances of the instant case, the inclusion of the second proposition cannot be held to have been confusing or misleading to the jury. The erroneous deviation was harmless error. In reality, the proposition was mere surplusage and did not result in prejudice to appellant. This question has been ruled before and this court finds that the rule announced in *State v. Lowery*, 565 S.W.2d 680, 683, 684 (Mo. App.1978) is directly dispositive of appellant's contention. That rule reads as follows:

> "The effect of Instruction No. 6 was to submit the offense of robbery in the form of a conjunctive submission, placing a burden on the State beyond that which is legally required. This requirement benefited the defendant and under Rule 26.-06(1) a defendant may not complain of trial error committed in his favor. This rule applies to criminal jury instructions which operate to defendant's advantage," accord *State v. Grothe*, 540 S.W.2d 221, 226 (Mo.App.1976), *State v. Rice*, 511 S.W.2d 444, 445, 446 (Mo.App.1974).

Point (4) is found to be without merit and is ruled against appellant.

For the reasons set forth herein, the judgment is in all respects affirmed.

All concur.