**STATE of Missouri, Plaintiff-Respondent,**

v.

**Charles MAYES, Defendant-Appellant.**

**No. 47122.**

Missouri Court of Appeals, Eastern District, Division Five.

May 1, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1984.

Application to Transfer Denied July 17, 1984.

**362**

Dorothy Hirzy, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., David C. Mason, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

THOMAS F. McGUIRE, Special Judge.

This is an appeal from two convictions on Robbery First Degree of the appellant for violation of 569.020 RSMo resulting in two concurrent sentences of twenty-five years. We affirm.

On October 8th, 1981, John Shawman (Shaumann) was at Rosenthal Shoe Store located at 1724 South Broadway in the City of St. Louis. Shawman, a retired employee of the store, was there helping a friend, an employee of the store, Lewis Shapiro. At 1:45 p.m. appellant and his two accomplices entered the store. One of the accomplices asked to see a pair of moccasins. After trying them on, the other two complained that they looked "awful" and "goofy" on him. Shawman was asked to secure a pair of canvas tennis shoes. Shawman had to go to another location in the store to secure the requested shoes. When Shawman returned with the shoes, he was met by the appellant who had a gun in his hand. The appellant ordered Shawman to open the cash register. Shawman complied and immediately opened the register. Appellant ordered Shawman to lie on the floor. Neither of the appellant's accomplices displayed a gun. Shawman was eventually ordered by the appellant to give the appellant his wristwatch and he complied. While lying face down on the floor Shawman heard the appellant going through the cash register removing money in bills and change. Shawman heard his friend Shapiro receive a blow to his head. The appellant and his accomplices left. The police were called and responded. A fingerprint was recovered from the cash tray of the cash register by a member of the police department and was identified as Lift "A". Lift "A" was delivered to the police department laboratory for examination. The examination of Lift "A" was conducted by Officer Fitzpatrick, a fingerprint expert. On October 9th, 1981 Lift "A" was matched up with an inked rolled impression of the appellant in the master fingerprint file of the police department and was identified as being that of the appellant. The police on October 9th, 1981, placed an order for appellant's arrest in the computer.

Immediately after the appellant and his accomplices fled the robbery scene, Police Officer Smith, working secondary employment at Manufacturer's Bank located at 1731 South Broadway, observed three black males at approximately 2:15 p.m. on the day in question running south on 7th Street. The shoe store is approximately one block away from the bank. The three black males approached a 1970 or 1971 brown Plymouth Fury, got in the car and drove north on 7th Street. After learning of the robbery, Officer Smith gave this information to two investigating police officers after being informed that the shoe store had been robbed. Smith testified that the car in question had a brown vinyl over brown or bronze body and had an embossed design on it. The car was later located at 14th and Park in the City of St. Louis and retrieved therefrom were personal papers in the car in the name of one Alfred Mayes, a relative of appellant. Title to the car was in the name of Alfred Mayes. Fingerprints were lifted from the car and one of the prints was labeled as Lift "B" by the police. Lift "B" was delivered along with other lifts taken from the car to the police laboratory. Lift "B" was examined by Officer Fitzpatrick but the officer could not make an identification because Lift "B" was a double impression.

After two unsuccessful photographic line-ups, Shawman made a positive identification of the appellant in a line-up after the appellant was arrested on December 21st, 1981 as the man who robbed him and the store on October 8th, 1981. Thereafter the appellant was charged with two counts of Robbery in the First Degree pursuant to 569.020 RSMo., and one count of Assault First Degree pursuant to 565.020 RSMo. Appellant was convicted after a jury trial of two counts of Robbery in the First Degree and was thereafter sentenced to two concurrent twenty-five year sentences for those offenses.

On October 9th, 1981, Officer Fitzpatrick prepared a typewritten report of his examination of Lift "A", the fingerprint recovered from the robbery scene. This report shows on its face that the handwritten letter "A" was superimposed by interlineation over the typewritten letter "B" after the word "lift". The report as corrected by Officer Fitzpatrick reflects Lift "A" to be that of the appellant recovered at the crime scene by the police. Officer Fitzpatrick testified that he made the change to correct a typographical error. The interlineation change in this report was made on October 9th, 1981. Fitzpatrick compared Lift "A" with fingerprints of the appellant previously on file in the police department and the lift proved to be that of the appellant's left middle finger. The appellant's fingerprint expert agrees that Lift "A" is that of the appellant.

In point I and II appellant alleges the trial court erred in overruling appellant's pre-trial motion to Suppress Fingerprints because of the irregularities and alteration contained in the fingerprint expert's report in that the report as originally typed is correct and lift "A" was taken from the get-away car and not from the robbery scene, and secondly, the coercion, intimidations, threats and uncooperativeness of the police department's expert directed against appellant's trial attorney and fingerprint expert negated the credibility of the State's fingerprint testimony and all fingerprint "A" testimony should have been excluded by the trial Court.

The testimony of the State and the appellant on the fingerprint issues varied materially. According to State's evidence lift "A" came from the cash drawer at the robbery scene. Appellant contended that lift "A" came from the get-away car. Both experts agreed that lift "A" was the appellant's left middle finger. These issues were presented initially to the trial court on the Motion to Suppress, which ruled adversely to the appellant and at the trial to the jury which rejected appellant's contention on finding appellant guilty on the two Robbery counts.

■ It is well settled that the trier of facts decides questions of credibility of witnesses, and weight to be given to witnesses' testimony. *State v. Nimrod*, 484

S.W.2d 475, 479 (Mo.1971). Both the trial court and the jury found the credibility issues against the appellant. The credibility of witnesses lies within the sole province of the jury and the jury's determination based on conflicting testimony must be accepted by this Court. *State v. Singleton,* 660 S.W.2d 13, 18 (Mo.App.1983); *State v. Danforth,* 654 S.W.2d 912, 915 (Mo.App. 1983). This point is decided adversely to appellant.

■ Appellant next alleges in points I and II that the trial court erred in overruling his pre-trial Motion to Suppress Identification on the grounds that the physical descriptions of appellant by the crime scene victims was unreliable because of discrepancies in height, weight, and teeth; the crime scene victims could not identify the appellant in the two photographic line-ups conducted by the police department within a day of the crime; and lastly the long delay between date of crime on October 8, 1981, and appellant's arrest on December 21, 1981. However, Shawman made a positive identification of the appellant in the line-up on the date of the arrest and at the trial.

The question of identification was first raised in appellant's Motion to Suppress Identification to the trial court which ruled adversely to the appellant and thereafter to the jury which rejected appellant's contention in deciding the issues adversely to appellant through its two guilty findings.

It is well settled that the trier of facts decides questions of credibility of witnesses, and the weight to be given to witnesses' testimony, *State v. Nimrod,* supra.

Both the trial Court and the jury found the credibility issues against appellant. The credibility of witnesses lies within the sole province of the jury and the jury's determination based on conflicting testimony must be accepted by this Court. *State v. Singleton,* Supra.; *State v. Danforth,* Supra. This point is without merit and decided adversely to appellant.

■ Further under point I, appellant alleges the trial court erred in overruling the two pre-trial suppression motions as there was no probable cause for arrest of the appellant. The record reflects there were sufficient factual grounds to arrest the appellant on the 21st day of December, 1981. On the first two points raised, this Court rules against appellant.

■ In his third point appellant alleges the trial Court erred when the question of identification of appellant by victim Shawman was challenged by a Motion to Suppress Identification. The Motion was ruled adversely to the appellant. It is a well established rule that even though the issue of pre-trial identification was presented in a Motion to Suppress, the failure of appellant to object to the in-Court identification, when made, results in the issue of identification not being preserved for appellate review. *State v. Purnell,* 621 S.W.2d 277 (Mo.1981); *State v. Nauman,* 592 S.W.2d 258 (Mo.App.1979); *State v. Berry,* 609 S.W.2d 948 (Mo. banc 1980); *State v. Belk,* 632 S.W.2d 103 (Mo.App.E.D.1982). The record reveals that appellant failed to object to the identification testimony of the appellant by witness Shawman. This issue is not preserved for review by this Court. This Court rules adversely to appellant on this third point.

The fourth point raised by appellant is that the trial court erred in overruling appellant's Motion to Suppress Identification in that appellant was not provided an attorney at the line-up conducted on December 21st, 1981 in which victim Shawman identified appellant.

■ The appellant failed to raise this issue in its pre-trial Motion to Suppress Identification, at the pre-trial hearing and during the trial. Trial evidence of the line-up and victim's identification were received without objection. This issue was raised for the first time in an amendment to appellant's Motion for New Trial. This point was not preserved and is ruled adversely against appellant. The appellant concedes in his brief that " ... there is no constitutional requirement that counsel be present at a line-up prior to any charges being filed

..." *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411; *State v. Gant*, 490 S.W.2d 46, 48 (Mo.1970). At the time of the line-up on December 21st, 1981, no formal charges by indictment or information had been filed by the State of Missouri.

 It is well settled in this state that a defendant is not entitled to representation by counsel at a line-up conducted after his arrest but before formal charges are filed by the State. *Morris v. State*, 532 S.W.2d 455 (Mo.1976); *State v. Gaskin*, 618 S.W.2d 620 (Mo.1981); *Franklin v. State*, 655 S.W.2d 561, 566–567 (Mo.App.1983). This point is ruled against the appellant.

Judgment affirmed.

DOWD, C.J., and SATZ, J., concur.